## MORRISON & WHITLOCK
## v.
## JAMES M. STEWART.

*Error in Judgment—Amendment.*

Where a judgment has been inadvertently entered for the plaintiff instead of for the defendant, an amendment may be allowed upon motion even after the expiration of the term.

[Opinion filed August 26, 1887.]

APPEAL from the Circuit Court of Fulton County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

During the term and while the cause is still pending the court has the right to correct errors, but after a term has elapsed the power of the court to correct substantial errors is at an end. Under the common law, a record imports absolute verity. Forquer v. Forquer, 19 Ill. 67; Coughran v. Gutcheus, 18 Ill. 390; Cook v. Wood, 24 Ill. 295; Becker v. Sauter, 89 Ill. 596; Goucher v. Patterson, 94 Ill. 525; Gillett v. Booth, 6 Ill. App. 423.

Even if amendment be made it must be by the minutes of the Judge. Millard v. Cooper, 10 Ill. App. 47; People v. Zane, 105 Ill. 662; Lilly v. Shaw, 59 Ill. 72.

Messrs. H. W. MASTERS and O. A. DeLEUW, for appellee.

Morrison v. Stewart.

The right to amend a judgment on account of a clerical error, by the court in which the error occurs, is a common law right. Atkins v. Hinman, 2 Gilm. 437; Lyon v. Boilvin, 2 Gilm. 629; O'Connor v. Mullen, 11 Ill. 57 ; Stahl v. Webster, 11 Ill. 511; Mains v. Cosner, 67 Ill. 536; Baragwanath v. Wilson, 4 Ill. App. 80.

*Per Curiam.* The appellants sued out a writ of replevin against the appellee. At the return term they dismissed their suit and an order appears on the Judge's minutes showing such dismissal, as follows: "Plaintiff dismisses suit at his cost, and return of property awarded and one cent damages for plaintiff." The clerk entered up judgment accordingly. At a subsequent term motion was made, due notice having been given to amend the judgment so as to show that a return of property and judgment for cost was awarded in favor of defendant instead of plaintiffs. The Circuit Court, on inspection of the record and hearing the testimony of the Judge who presided at the time the original order was made, allowed the motion to amend. From this order an appeal is now prosecuted. It is quite apparent that the word " plaintiff," as it appears at the end of the Judge's minutes, was used inadvertently, and that the word " defendant " was intended. This mere slip of the pen should be corrected, and as we understand the current of modern decisions in the United States, is a proper subject of amendment even after the term at which it occurred. It *is* one of those cases where it " so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced, upon the facts as established by the record, that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right, by an amendment *nunc pro tunc.*" Freeman on Judgments, Sec. 70 ; Ives v. Hulce, 17 Ill. App. 30.

*Affirmed.*