483 So.2d 1338 (1986)
Melanie A. SISSON
v.
STATE of Mississippi.
No. 56738.
Supreme Court of Mississippi.
February 19, 1986.
Falton O. Mason, Jr., Oxford, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
This case presents the question whether, after the running of the period for which execution of a sentence of imprisonment in a criminal case has been suspended, the circuit court has power to order service of the imposed but suspended sentence.
On April 7, 1981, upon her plea of guilty to an indictment charging burglary of a dwelling, Melanie A. Sisson was sentenced by the Circuit Court of Lafayette County, inter alia, to a term of three (3) years imprisonment. The sentencing order that day entered, however, provided
The Court hereby suspends the execution of the above sentence for a period of three (3) years... . Serve three (3) years on probation.[1]
On December 20, 1984, some three years, 135 days following the original sentencing order, Sisson allegedly committed an aggravated assault upon a law enforcement officer. In due course the State petitioned for revocation of the suspension of Sisson's theretofore imposed sentence, and the Circuit Court committed Sisson to the custody of the Department of Corrections for service thereof. Sisson appeals to this Court arguing that the Circuit Court's authority to order service of the August 7, 1981 sentence terminated at the end of the three year suspension period. We agree and reverse.
Miss. Code Ann. § 47-7-33 (1972) vests in the circuit court, upon appropriate *1339 findings and conditions, the power "to suspend the imposition or execution of sentence, and place the defendant on any such probation as herein provided, ... ." The period of probation shall not exceed five years, except in circumstances not relevant here. Miss. Code Ann. § 47-7-37 (1972). The suspension period may be such term as the court may order and may certainly be less than five years where the circuit judge deems such shorter period appropriate.
In the case at bar the August, 1981 order provided that three year sentence was imposed, only that the execution of the sentence be suspended for a like period of three years. See Leonard v. State, 271 So.2d 445, 447 (Miss. 1973). The only sensible reading of this language is that within three years of August 7, 1981, the circuit court, upon proper conditions, retained the authority to revoke the suspension and order service of the previously imposed three year sentence. Conversely, if the three year period should expire without the occurrence of conditions justifying revocation of the suspension, Sisson's liability to service of the three years sentence would be terminated.
The circuit judge obviously realized that this was the effect of the August, 1981 sentencing order as written, for in the commitment order appealed here the following language appears:
At the hearing to reimpose the suspended sentence the Court adjudicated that the portion of the court's order of August 7, 1981, suspending the sentence for a period of three years was error; that the figure three was inserted by the Clerk of the Court and that the policy and procedure of the undersigned Judge is to recite a five year period on all sentences suspended by the court.
While undoubtedly there are circumstances wherein a court does retain the authority to correct clerical errors in its orders, this is not such a case. When a sentencing order contains an unequivocal provision that execution of a sentence of imprisonment is suspended for three years and where the time limitation within that order goes unchallenged until after the three year suspension period has expired, the defendant's exposure to service of the originally imposed sentence of imprisonment terminates as provided in the order, notwithstanding any court policy to the contrary.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] On October 26, 1983, the Circuit Court entered its order terminating Sisson's probation. Nothing said here, however, turns on the term of probation, nor on the fact that Sisson has been discharged therefrom.