822 So.2d 298 (2001)
Donald E. SMITH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00192-COA.
Court of Appeals of Mississippi.
October 2, 2001.
Rehearing Denied October 25, 2001.
Certiorari Denied February 21, 2002.
*299 Donald E. Smith, Pro Se.
Office of the Attorney General, by W. Glenn Watts, Attorney for Appellee.
Before KING, P.J., BRIDGES, and IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Forrest County, Honorable Richard W. McKenzie presiding. On July 11, 1973, Donald E. Smith was convicted of murder, armed robbery, and kidnapping. Smith comes now seeking post-conviction relief and raises two issues:
1. WHETHER THE TRIAL COURT LACKED JURISDICTION OVER THE PERSON OF DONALD E. SMITH IN 1973, AND WAS WITHOUT AUTHORITY TO SENTENCE AND CONVICT HIM.
2. WHETHER MISSISSIPPI RULES OF EVIDENCE RULE 501 INVALIDATES THE CONSTITUTION OF THE UNITED STATES, AMENDMENT 5 AND 14; MISS. CODE. ANN. § 19-9-35.
The State raises three of its own issues in its brief. They are:
1. WHETHER SMITH IS TIME BARRED BY M.C.A. § 99-39-5(2).
2. WHETHER SMITH IS BARRED FROM FILING A SUCCESSIVE MOTION UNDER § 99-39-23(6) OF THE UPCCRA.
3. WERE THE ISSUES RAISED ON APPEAL NOT RAISED WITH THE TRIAL COURT AS WELL AS ISSUES THAT WERE WAIVED WHEN SMITH PLED GUILTY. [SIC]
Seeing no error, we affirm.

STATEMENT OF FACTS
¶ 2. Donald E. Smith pled guilty to the crimes of murder, armed robbery, and kidnapping before the Forrest County Circuit Court on July 11, 1973. Smith was sentenced to life for the murder, and consecutive forty-five year sentences for the armed robbery and the kidnapping. Smith filed for post-conviction relief in June of 1999 in the Forrest County Circuit Court. This petition was denied by the trial court. Smith filed for reconsideration, and that motion was denied. Smith has since appealed to this Court. The only record accompanying this case is the transcript of a hearing in which Smith's kidnapping sentence was modified to fit statutory guidelines.

STATEMENT OF THE LAW

STANDARD OF REVIEW
¶ 3. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595(¶ 6) (Miss.1999).

ANALYSIS
¶ 4. It should be noted this Court has restricted its analysis in this case solely *300 to the issue of whether Smith's case is time barred. This is because the time bar issue determines whether any of the others can even be considered. As Smith originally pled guilty in 1973 and this action was not filed until 1999, the first thing this Court must address is whether this action is time barred by our post-conviction statutes. Since Smith's right to appeal was secured by the 1984 statute, this is the statute which must be cited here. Section 99-39-5(2) of the Mississippi Code Annotated states:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
Miss.Code Ann. § 99-39-5(2) (1984). There are several instances in which a case is excepted from this deadline and they are: (1) when an intervening decision has been handed down by the Supreme Court of Mississippi or of the United States and would adversely affect the conviction; (2) the prisoner has new evidence which would have been conclusive if offered at trial; (3) where a prisoner claims his sentence has expired; (4) or when a prisoner's probation, parole, or conditional release has been revoked. Miss.Code Ann. § 99-39-5(2) (1984).
¶ 5. The Mississippi Uniform Post Conviction Collateral Relief Act, under which the preceding statute is found, was enacted April 17, 1984. "Individuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post-conviction relief." Odom v. State, 483 So.2d 343, 344 (Miss.1986). Smith pled guilty in 1973. Smith therefore would have had three years from April 17, 1984 in which to file a timely petition for post-conviction relief, making April 17, 1987 the last date on which Smith could file a post-conviction petition. Smith filed the current petition in 1999, twelve years after the three year statutory period had expired. Because of this, Smith's petition in this case is barred by the statute of limitations, and the issues he brings here are barred as well. Therefore we affirm the trial court's denial of post-conviction relief.
¶ 6. THE JUDGMENT OF THE FOREST COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.