840 So.2d 796 (2003)
Cornelius FIELDS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00880-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*797 Cornelius Fields, appellant pro se.
Office of the Attorney General by Deirdre McCrory, for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court:
¶ 1. Cornelius Fields was indicted by the Bolivar County grand jury for the offense of sale of a controlled substancemarijuana in the amount of less than one ounce. He was charged with sale of cocaine in a separate indictment. In addition, he was also charged as an habitual offender. Fields entered an open plea of guilty to the charge of sale of marijuana, cause No. 8718, and to the charge of sale of cocaine, cause No. 8719. The habitual charges were dropped as part of the pleas. Fields filed a motion for post-conviction relief to vacate and set aside his plea of guilty sentence, claiming ineffective assistance of counsel, defective plea, and a denial of due process. The trial court denied the motion without a hearing. Fields perfected an appeal to this Court.
¶ 2. Fields argues that his plea of guilty was involuntary, as a matter of law, where the trial court failed to inform him of the minimum and maximum sentence for the crime charged, sale of marijuana. Fields also claims that the trial judge sentenced *798 him to a term excessive to such charge. Fields claims that his plea was coerced because he was given incorrect information on the maximum sentence throughout the proceedings. Secondly, Fields argues that his sentence was an excessive sentence since the law only allows a three year sentence, whereas he was given a twenty-five year sentence for the offense of sale of less than one ounce of marijuana. Lastly, Fields claims that the trial court's actions in amending the judgment, three years after the entry of the initial judgment and without a hearing, was inappropriate and constituted plain and reversible error.

STATEMENT OF ISSUES
I. WHETHER APPELLANT'S PLEA OF GUILTY WAS INVOLUNTARY WHERE IT WAS ENTERED UPON THE ILL-ADVISE OF COUNSEL IN REGARDS AS TO THE APPLICABLE SENTENCE FOR A CHARGE OF SALES OF LESS THEN ONE OUNCE OF MARIJUANA?
II. WHETHER THE SENTENCE OF TWENTY-FIVE YEARS FOR THE OFFENSE OF SALES OF LESS THAN ONE OUNCE OF MARIJUANA WAS AN EXCESSIVE SENTENCE SINCE THE LAW ALLOWS ONLY A THREE YEAR SENTENCE FOR SUCH OFFENSE?
III. WHETHER THE TRIAL COURT'S ACTIONS OF ENTERING AN AMENDED JUDGMENT, THREE YEARS AFTER THE ENTRY OF THE INITIAL JUDGMENT, AND WITHOUT A HEARING, WITH SUCH AMENDED JUDGMENT BEING ENTERED BY A DIFFERENT JUDGE NOT PRESENT AT OR KNOWLEDGEABLE OF THE GUILTY PLEA IN THIS CASE, WAS INAPPROPRIATE AND CONSTITUTED PLAIN AND REVERSIBLE ERROR?

ANALYSIS
I. WHETHER APPELLANT'S PLEA OF GUILTY WAS INVOLUNTARY WHERE IT WAS ENTERED UPON THE ILL-ADVISE OF COUNSEL IN REGARDS AS TO THE APPLICABLE SENTENCE FOR A CHARGE OF SALES OF LESS THEN ONE OUNCE OF MARIJUANA?
¶ 3. The United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), provides the standard for determining whether a guilty plea is knowingly, voluntarily and intelligently made by the defendant. Where the record is silent as to evidence showing that these rights were known and understood by the defendant, there can be no presumption of a waiver of such rights by him. Id. The record must provide explicit evidence of such a waiver and the admissibility of the waiver must be "based on a reliable determination on the voluntariness" of the waiver. Id. This determination of voluntariness may be evaluated by looking to see whether the defendant was advised of the nature of the charges against him, the rights which he would be waiving by pleading guilty, and the maximum sentences that he could receive for the crimes with which he was charged. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). See also Boykin, 395 U.S. at 243, 89 S.Ct. 1709; Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991).
¶ 4. The burden of proving that a guilty plea was not made voluntarily is on the defendant. Gardner v. State, 531 So.2d 805, 810 (Miss.1988); Baker v. State, 358 So.2d 401, 401 (Miss.1978). If this burden is not met, the defendant's plea must be upheld as one that was made voluntarily, knowingly and intelligently. Gardner, 531 So.2d at 810. It should be *799 noted that "solemn declarations in open court carry a strong presumption of verity." Id.; Baker, 358 So.2d at 403. See Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).
¶ 5. In accordance with the aforementioned case law, we find that the lower court was correct in accepting Fields's guilty plea and denying him post-conviction relief. Because of the ample evidence provided to us in the record, we are convinced that Fields entered his plea voluntarily, knowingly, and intelligently, and it should therefore be upheld.
¶ 6. We must note that the transcript of the plea hearing speaks volumes to the issue of voluntariness. One argument made by Fields was that his plea was involuntary because the trial court never informed him of the minimum and maximum sentence for his crime of sale of marijuana. This simply is not true. The judge specifically asked the petitioner whether he understood the maximum sentence that could be imposed regarding the sale of marijuana would be a term of six years or a fine of six thousand dollars or both, and that the maximum sentence that could be imposed regarding the sale of cocaine would be a term of sixty years and a fine of not less than ten thousand dollars but no more than two million dollars. Fields announced clearly that he understood and that he still wanted to enter a plea of guilty. Fields was in no way misled as to the maximum sentences which the court could impose. The judge also asked Fields whether he was aware that, by pleading guilty, he was giving up certain constitutional rights, such as the right to a trial by jury. Fields clearly answered that he understood. In addition, the judge asked Fields a number of questions required of him under the law, including whether Fields had been coerced into pleading guilty; whether defense counsel explained the ramifications of the guilty plea; whether Fields was under the influence of alcohol or drugs at the time of the plea hearing or was otherwise impaired; and whether Fields understood the maximum and minimum penalties to which he could be sentenced for these crimes. See Alexander, 605 So.2d at 1172 (explaining the trial judge's duties to inquire of the defendant whether he fully understands what he is giving up and what may happen as a result of his guilty plea). According to the transcript, Fields further made it crystal clear to all listening that he understood that his guilty plea would serve as a waiver to all of those constitutional rights that the circuit judge had mentioned. Fields answered that he was aware of and accepted any possible statutory penalties he could receive for his crimes. Finally, he lucidly stated that he was not being coerced and that he was not under the influence of any form of impairing drug.
¶ 7. Fields has given this Court no plausible evidence on which we may rely to overturn the decision of the trial judge to accept Fields's plea. The credible evidence before us, including the transcript of the plea hearing, points to the inescapable fact that Fields made his decision to plead guilty on his own, without coercion and without misrepresentation. We do not believe that Fields has met his very heavy burden of proof to show that he did not understand what he was agreeing to or that he was pressured or intimidated into executing the petitions for guilty pleas.
II. WHETHER THE SENTENCE OF TWENTY-FIVE YEARS FOR THE OFFENSE OF SALES OF LESS THAN ONE OUNCE OF MARIJUANA WAS AN EXCESSIVE SENTENCE SINCE THE LAW ALLOWS ONLY A THREE YEAR SENTENCE FOR SUCH OFFENSE?
¶ 8. The Mississippi Supreme Court in Johnson v. State addresses the issue of an excessive or disproportionate sentence *800 in stating "that a trial court will not be held in error or held to have abused its judicial discretion if the sentence imposed is within the limits fixed by statute." Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984). Miss.Code Ann. § 41-29-139(b)(3) states that in the case of the sale of one ounce or less of marijuana, such person may, upon conviction, be imprisoned for not more than three years or fined not more than three thousand dollars, or both. However, because the petitioner is a second and subsequent offender, Miss.Code Ann. § 41-29-147 applies. The section explicitly states that any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. Since section 41-29-149 would apply in the present case, Fields was told the correct maximum sentences that could be imposed by the court at the plea hearing. However, at the sentencing hearing, the court mixed up the cause numbers bringing about confusion regarding correct sentences for the actual offense. The court sentenced Fields in accordance with cause no. 8718 being the sale of cocaine and cause no. 8719 being the sale of marijuana, when in actuality it was the reverse. This confusion caused the judgment for cause no. 8718 to read, "Fields is hereby sentenced to serve a term of twenty-five years in an institution and ordered to pay a fine in the amount of ten thousand dollars." The judgment should have stated that for cause no. 8718 Fields is hereby sentenced to serve five years in an institution. This confusion was later corrected in amended judgments corresponding to the correct cause number and the correct sentence. Under the present circumstances, the trial court retained the authority to correct clerical errors in its orders. Williams v. State, 583 So.2d 620, 625 (Miss.1991); Sisson v. State, 483 So.2d 1338, 1339 (Miss. 1986). In entering the amended judgments, the court acted within its inherent authority "to correct clerical errors ... and to make the judgment entry correspond with the judgment rendered." Kitchens v. State, 253 Miss. 734, 179 So.2d 13, 14 (1965). Although the case numbers were transposed during the sentencing hearing, the only reasonable inference was that the court intended to sentence the defendant to twenty-five years for the sale of cocaine and five years for the sale of marijuana. Duplantis v. State, 708 So.2d 1327, 1344 ¶ 79-80 (Miss.1998).
¶ 9. After considering these factors, coupled with the fact that the sentences were within the allowable statutory maximums, Fields's claim that his sentence was excessive is without merit.
III WHETHER THE TRIAL COURT'S ACTIONS OF ENTERING AN AMENDED JUDGMENT, THREE YEARS AFTER THE ENTRY OF THE INITIAL JUDGMENT, AND WITHOUT A HEARING, WITH SUCH AMENDED JUDGMENT BEING ENTERED BY A DIFFERENT JUDGE NOT PRESENT AT OR KNOWLEDGEABLE OF THE GUILTY PLEA IN THIS CASE, WAS INAPPROPRIATE AND CONSTITUTED PLAIN AND REVERSIBLE ERROR?
¶ 10. As stated above, the trial court retained the authority to correct clerical errors in its orders. Williams v. State, 583 So.2d at 625. As a general rule, "jurisdiction once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." B.G. Bynum v. State, 222 Miss. 632, 76 So.2d 821, 821 (Miss. 1955). In addition, "every court of record has inherent power not derived from statute to correct its own judgment rendered at a former term but a reviewing court is without power to substitute a wholly different *801 judgment for that from which an appeal is prosecuted." Id. In the case of Brown v. Sutton, 158 Miss. 78, 121 So. 835, 837 (1929), the court said: "Every court of record has general authority over its own records. The power of such a court to correct its records so as to make them speak the truth is inherent. The records of a court can be corrected or altered only by the court itself; and another court has no authority to make such corrections, even though it has appellate jurisdiction over the court whose records are sought to be corrected." "Where it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts as established by the record, the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder and sets the judgment entry right by an amendment nunc pro tunc." Morrison & Whitlock v. Stewart, 21 Ill.App. 113 (1886). The circuit court had not lost jurisdiction over this case. In addition to the ability to correct clerical errors, this correction may be done at any time, as well after as during the term. Balch v. Shaw, 61 Mass. 282 (Mass.1851).
¶ 11. Therefore, applying these principles to the facts in this case the judgment was properly amended.
¶ 12. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.