919 So.2d 282 (2005)
Tyrone David HARVEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00627-COA.
Court of Appeals of Mississippi.
May 24, 2005.
*283 Tyrone David Harvey, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Tyrone David Harvey appeals denial of his motion for post-conviction relief, raising one issue before this Court: whether his sentence was unlawfully extended. We affirm in part and reverse and render in part the order of the Circuit Court of Harrison County denying post-conviction relief.

STATEMENT OF FACTS AND PROCEEDINGS IN THE COURT BELOW
¶ 2. Tyrone David Harvey was indicted on May 8, 1997 for the burglary of a dwelling. On October 31, 1997, Harvey entered a guilty plea in the Circuit Court of Harrison County. The transcript of the proceedings reflects that the state recommended Harvey receive ten years, to be suspended for participation in the Regimented Inmate Discipline(RID) program, followed by three years' probation and a $1,500 fine. However, Judge Robert Walker announced that while he was "going to generally follow the recommendation of the state," he was "not going to sentence [Harvey] to RID. I'm just going to sentence [Harvey] to a term of incarceration. . ." Thereafter, Judge Walker "technically sentence[d Harvey] to ten years," suspended all but 18 months of that sentence, fined Harvey $1,500 plus court costs, and placed him on three years' post-release supervision. The proceedings concluded with the following exchange:
Mr. Harvey, I'm going to technically sentence you to ten years. But I'm going to suspend all of that time but 18 months. You understand?
THE DEFENDANT: Yes, sir.
¶ 3. The written sentencing and probation order, however, did not conform with the sentence pronounced in open court as *284 it made no reference to a ten-year sentence:
[T]he recommendation of the State would not be followed and the said Tyrone David Harvey, be and is hereby sentenced to Eighteen (18) Months in the custody of the Mississippi Department of Corrections.... UPON RELEASE from the custody of the Mississippi Department of Corrections the defendant is hereby placed under the supervision of the Mississippi Department of Corrections for a period of THREE (3) YEARS POST RELEASE SUPERVISION 47-7-34 until the court in term, or the Judge on vacation, shall alter, extend, terminate or direct the enforcement of the above sentence,.. . .[1]
¶ 4. Harvey was given a Certificate of Earned Release Supervision on January 21, 1998, and was released on February 9, 1998. Shortly thereafter, on May 27, 1998, MDOC petitioned for revocation of Harvey's post-release probation on grounds that he failed to report to his probation officer. Harvey was ultimately apprehended, and a revocation hearing was conducted before Judge Walker on November 12, 2002. Judge Walker directed the court reporter to review the original sentencing conducted in open court and thereafter determined that the court had sentenced Harvey to ten years, suspended all but 18 months, followed by three years' post-release supervision. The court directed the clerk to prepare a corrected sentencing order.[2]
¶ 5. At the revocation hearing, Harvey confessed to having failed to report to a probation officer but explained that upon release from MDOC, he had been immediately picked up and held in the Attala County jail for two-and-a-half months on forgery charges and that upon release from Attala County, he had been informed that he had completed his sentence. The circuit court revoked Harvey's probation but, giving him "the benefit of the doubt," did not recommit him but extended his post-release supervision for two years, beginning on the date of the revocation hearing.[3] When asked by the court whether he had "[a]ny questions at all," Harvey responded, "No, sir."
¶ 6. In April of 2003, a second petition to revoke Harvey's probation was filed. The petition alleged that Harvey had tested positive for the use of marijuana and cocaine and disclosed that Harvey had stopped reporting to his probation officer and had not paid any of his fine or court costs. At the October 6, 2003, revocation *285 hearing before Judge Walker, Harvey admitted that he had indeed stopped reporting to his probation officer, had not paid any of his fine, and had violated probation by using marijuana and cocaine. Based upon these admissions, Judge Walker revoked Harvey's probation and sentenced him to serve ten years under the supervision of the MDOC.
¶ 7. On December 22, 2003, Harvey filed his motion for post-conviction collateral relief claiming that his original sentence had been unlawfully extended in violation of the double jeopardy clauses of the United States and Mississippi Constitutions. Denying Harvey's motion, Judge Walker found that "Harvey was well aware he was not simply sentenced to serve 18 months" and concluded that "[t]he Court never increased the ten year sentence Harvey received on October 31, 1997. It merely ordered that the previously suspended sentence be executed when Harvey elected not to abide by the terms of his probation."

STANDARD OF REVIEW
¶ 8. In order to resolve the merits of a motion for post-conviction relief, the trial judge must review the "original motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Miss.Code Ann. § 99-39-11(1) (Rev.2000). When reviewing the trial court's denial of the motion, the standard of review is clear. The trial court's ruling will not be reversed unless it is clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). If questions of law are raised upon appeal, the standard of review is de novo. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).

ANALYSIS
¶ 9. Harvey's sole contention is that his original sentence was unlawfully "extended" or "increased" in violation of his right to be free from double jeopardy. The Fifth Amendment to the United States Constitution states that no person "shall ... be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. CONST. amend. V. Similarly, section 21 of the Mississippi Constitution provides that "No person's life of liberty shall be twice placed in jeopardy for the same offense. . . ." Miss. CONST. art. 3, § 21 (1890). While "re-sentencing of a defendant to a greater punishment than he originally received [can] imply double jeopardy" concerns, Ethridge v. State, 800 So.2d 1221, 1224(¶ 11) (Miss.Ct.App.2001), Harvey was not re-sentenced. The written sentencing order, which failed accurately to reflect the trial court's sentence, was later corrected to conform to the proceedings which occurred in open court at the sentencing hearing. The transcript of the proceedings clearly reflects that the trial court "technically sentenc[ed]" Harvey to ten years, and Harvey acknowledged his understanding of that sentence.
"Every court of record has general authority over its own records. The power of such a court to correct its records so as to make them speak the truth is inherent.". . . . "Where it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts as established by the record, the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder and sets the judgment entry right by an amendment nunc pro tunc."
Fields v. State, 840 So.2d 796, 801(¶ 10) (Miss.Ct.App.2003) (quoting Brown v. Sutton, 158 Miss. 78, 121 So. 835, 837 (1929) and Morrison & Whitlock v. Stewart, 21 Ill.App. 113 (1886), respectively).
¶ 10. In Fields, the defendant's two case numbers were accidently transposed *286 during the sentencing hearing, causing the sentence for the lesser offense to appear disproportionate; three years later, the court entered amended judgments corresponding each cause number to the correct sentence. Denying post-conviction relief for the allegedly excessive sentence, this court stated, "In entering the amended judgments, the court acted within its inherent authority `to correct clerical errors... and to make the judgment entry correspond with the judgment rendered.'" Fields, 840 So.2d at 800(¶ 8) (quoting Kitchens v. State, 253 Miss. 734, 179 So.2d 13, 14 (1965)). The court concluded that the circuit court "had not lost jurisdiction over this case" and had the "ability to correct clerical errors ... at any time, as well after as during the term." Fields, 840 So.2d at 801(¶ 10); see also Frazier v. State, 739 So.2d 391, 394(¶ 12) (Miss.Ct. App.1999) (defendant pled guilty to "DUI causing injury to another," but the written judgment described the offense as "felony driving under the influence"; this court held that "the imprecise recitation of the crime in the sentencing order represents an unintentional drafting error that in no way prejudiced Frazier and is the sort of error which may be corrected at any time").
¶ 11. While the circuit court may lose jurisdiction to correct the length of a suspended sentence after the term of that sentence has "expire[d] without the occurrence of conditions justifying revocation of the suspension," Sisson v. State, 483 So.2d 1338, 1339 (Miss.1986), such are not the facts of the case before us. The October 31, 1997 written sentencing order provided that Harvey was sentenced to 18 months' incarceration and three years' post-release supervision. Within seven months, Harvey had violated the terms of his release, and the MDOC had petitioned for revocation of his post-release probation. It was only due to the inability to locate Harvey that the revocation hearing did not take place until 2002, and the error in the written sentencing order was not discovered. See Jackson v. State, 483 So.2d 1353, 1356 (Miss.1986) (filing petition for revocation of probation may toll running of probationary period).[4]
¶ 12. Harvey relies principally on Leonard v. State, 271 So.2d 445, 447 (Miss. 1973), wherein the Mississippi Supreme Court held that "once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence." His reliance is misplaced. Leonard in no way involved a sentence which was improperly recorded and subsequently corrected by the court. Instead, it concerned the circuit court's intentional attempt to set aside the original sentence and impose a term of imprisonment five times the original term upon revocation of the defendant's parole. See Leonard, 271 So.2d at 446. The supreme court, however, held that the statute upon which the lower court relied[5] was only available *287 where the court had suspended imposition of sentence and not where the court had imposed a definite sentence and suspended execution thereof. In the later instance, the court was authorized to order execution of the sentence imposed, but not to impose a greater sentence. Leonard, 271 So.2d at 447-48.
¶ 13. In the instant case, Harvey never received an enhanced sentence. On October 31, 1997, Judge Walker clearly sentenced Harvey to ten years, and Harvey acknowledged that sentence. The first time Harvey violated parole, he was "give[n] the benefit of the doubt" and a second chance. Judge Walker explained to Harvey that there had been a mistake in the written sentencing order but that Harvey's original sentence was, indeed, a ten-year sentence. Judge Walker again sentenced him to serve ten years but suspended all for time served, and placed him on two additional years' post-release supervision.[6] When asked by the court whether he had "[a]ny questions at all," Harvey responded, "No, sir." Thus, on two occasions, Harvey was clearly informed in open court that his sentence was for ten years. After being so informed, Harvey proceeded to violate the conditions of his post-release supervision in numerous ways. After Harvey twice violated the terms of his post-release supervision, the trial court finally ordered him to serve the ten-year sentence on October 6, 2003. Rather than violating the rule laid down in Leonard, the circuit court's continued imposition of Harvey's ten-year sentence is in conformity with the court's ruling therein. However, the trial court's order sentencing Harvey to serve ten years upon his second violation of the terms of his post-release supervision did exceed the authority of the court, which was only authorized to reinstate the remainder of Harvey's original sentence. Section 47-7-37 of the Mississippi Code provides that upon violation of the terms of post-release supervision, the court "may . . . revoke all of any part of the . . . suspension of sentence or may cause the sentence imposed to be executed.. . ." Harvey had already served eighteen months of his ten-year sentence; therefore, the maximum term remaining on Harvey's sentence which could be reinstated by the court was eight years and six months. Accordingly, the trial court erred in sentencing Harvey to a full ten years upon the second violation of post-release supervision.
¶ 14. The Mississippi Supreme Court has long held that courts "`have *288 inherent power to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered. This power exists in criminal prosecutions as well as in civil cases.'" See Kitchens v. State, 253 Miss. 734, 737, 179 So.2d 13, 14 (1965) (quoting Turner v. State, 212 Miss. 590, 55 So.2d 228 (1951)). We find that the circuit court's correction of Harvey's written sentencing order to reflect the sentence rendered in open court was in accordance with this "inherent power" and did not constitute an improper enhancement of his sentence. We affirm the correction of Harvey's original sentencing order, but reverse in part and revise Harvey's sentence to reflect a remaining term of eight years and six months.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. HARVEY'S SENTENCE IS REVISED TO REFLECT A REMAINING SENTENCE OF EIGHT YEARS AND SIX MONTHS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.
NOTES
[1] Although the written order did not impose a suspended sentence, it did refer to a suspended sentence as it listed specific conditions on which "the suspension of said sentence is based. . . ." Accordingly, the written order was inconsistent with respect to whether any part of Harvey's sentence was suspended.
[2] Although the clerk's notes for November 12, 2002 stated "do corrected amended order on 10-31-97 real sentence was 10 years all but 18 months suspended followed by 3 yrs PRS," the sentencing order was not corrected until October 20, 2003. At that time, the corrected sentencing and probation order was "amended to reflect the correct term of the sentence to be served in the Mississippi Department of Corrections": ten years, with all but 18 months suspended, leaving 18 months to serve in the custody of the MDOC, three years' post-release supervision, and a fine of $1,500 plus court costs.
[3] While the order states that the court "sentenced [Harvey] to serve ten years suspended for time served" and placed him on two years post release supervision, we interpret that order as reiterating Harvey's original sentence of ten years, and acknowledging that he had already served eighteen months of that sentence. In effect, the only penalty imposed on Harvey for his first violation of the conditions of his post release supervision was to have that supervision extended for two years.
[4] Sisson is further distinguished from the instant case in that there is no indication in the reported decision that the trial court actually sentenced the defendant to five years, rather than three years, suspended, only that "the policy of the procedure of the undersigned Judge is to recite a five year period on all sentences suspended by the court." See Sisson, 483 So.2d at 1339. Harvey, on the other hand, was clearly sentenced to ten years at the hearing. When the judge specifically asked Harvey if he understood that he was technically being sentenced to ten years, with all but 18 months suspended, Harvey replied "Yes, sir."
[5] The trial court relied upon section 4004-25 of the Mississippi Code of 1942 which provided that in revoking probation or suspended sentence, the court "may impose any sentence which might have been imposed at the time of conviction." Leonard, 271 So.2d at 446-47. Section 4004-25 is the statutory predecessor to section 47-7-37 of the Mississippi Code (Rev.2004).
[6] While neither section 47-7-34 nor 47-7-37 expressly provides that the court can extend post release supervision (as the court can extend probation under section 47-7-37), any impropriety resulted in much more lenient treatment than the court could have imposed. Section 47-7-34 provides upon the defendant's failure to abide by the terms and conditions of post-release supervision, the court may terminate post-release supervision and recommit the defendant to the correctional facility from which he was previously released. We find that since Harvey remained silent and did not object to being placed on two additional years' post release supervision rather than being immediately recommitted for his first violation, he cannot now object to having been given a second chance. See Pruitt v. State, 846 So.2d 271, 274(¶ 10) (Miss. Ct.App.2002) (defendant "may not quietly enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so"); Williams v. State, 802 So.2d 1058, 1060(¶ 6) (Miss.Ct.App.2001) ("opportunity to have one's sentence suspended and thereby remain free from incarceration is a substantial benefit rather than the kind of detriment that touches on an individual's fundamental constitutional rights").