943 So.2d 743 (2006)
Will KING, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-02005-COA.
Court of Appeals of Mississippi.
November 21, 2006.
*744 Will King, Appellant, pro se.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before MYERS, P.J., BARNES, and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Will King appeals from the Circuit Court of Coahoma County's order denying his motion to vacate his judgment and sentence, which was considered a post-conviction relief petition by the court. We affirm the circuit court's denial of the motion. We remand the case, however, for correction of the sentencing order.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Will King was indicted on five felony counts by a grand jury in the Circuit Court of Coahoma County on June 10, 1997. Counts I and II charged King with the sale of oxycodone, a Schedule II controlled substance, within 1,500 feet of a school building, on two different dates. Miss.Code Ann. § 41-29-139(a)(1) (Rev. 2005). Counts III and IV charged King with possession with intent to sell oxycodone and hydrocodone (another Schedule II controlled substance), respectively, within 1,500 feet of a school building. Miss.Code Ann. § 41-29-139(a)(2) (Rev. 2005). Count V charged King and another individual with aiding and abetting to sell oxycodone within 1,500 feet of a school building. Because of the fact that King was selling illegal drugs within a certain distance of a school, he was subject to an enhanced penalty under Mississippi Code Annotated section 41-29-142 (Rev.2005) for all five counts. Further, King was charged as a second and subsequent offender under Mississippi Code Annotated section 41-29-147 (Rev.2005), and a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2000), for all five counts. Additionally, for Counts III and IV, King was subject to an enhanced penalty for carrying a .50 caliber firearm on this occasion. Miss.Code Ann. § 41-29-152 (Rev.2005). On July 30, 1997, King pled guilty to all five counts of the indictment.[1]
¶ 3. At the sentencing hearing on August 21, 1997, King was sentenced to thirty years in the custody of the Mississippi Department of Corrections for "five counts of his violation of the controlled substance laws." Specifically, King was sentenced to fifteen years for each count, with Count II to run consecutively to Count I, and Counts III, IV, and V to run concurrently with Count II. Aggrieved of his sentence and the validity of his guilty plea, King filed a timely motion for post-conviction relief on September 30, 1999. The motion was denied by the Circuit Court of Coahoma County. On June 26, 2001, this Court affirmed the circuit court's denial of King's motion for post-conviction relief. King v. State, 788 So.2d 868 (Miss.Ct.App.2001).
¶ 4. King attempted to file a "Motion to Vacate Judgment and Sentence," dated January 13, 2005; however, the circuit court, in its order, noted this motion was *745 never filed with the circuit court. However, the circuit court decided to consider the motion as if it had been properly filed. The circuit court also considered this motion as a petition for post-conviction relief, even though it was entitled otherwise. On May 13, 2005, the circuit court denied King's motion on the grounds it was time-barred, having been filed more than three years after his sentence was final. Moreover, since King had already filed a motion for post-conviction relief in September of 1999, the court barred the current motion as a successive writ under Mississippi Code Annotated section 99-39-27(9) (Rev. 2000). King now appeals the circuit court's denial of his motion.

STANDARD OF REVIEW
¶ 5. Our Court will not alter findings by the trial court unless they are found to be clearly erroneous. Smith v. State, 822 So.2d 298, 299(¶ 3) (Miss.Ct.App. 2001) (quoting Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). For questions of law, our standard of review is de novo. Id.

ANALYSIS
¶ 6. King appeals the denial of his self-styled "Motion to Vacate Judgment and Sentence." He argues the following: he suffered from an illegal sentence and his guilty plea was involuntary; the trial judge failed to fulfill the requirements of Uniform Rules of Circuit and County Court Rule 8.04(A)(3) and (A)(4)(b) because the judge did not adequately determine a factual basis for his guilty plea and King did not understand the consequences of his plea; his counsel was ineffective; his illegal sentence met the "cause" and "actual prejudice" standards of Mississippi Code Annotated sections 99-39-21(4) and -21(5) respectively; and the trial court abused its discretion in dismissing his post-conviction motion as successive.
¶ 7. If a prisoner pleads guilty, the statute of limitations for the prisoner to bring a petition for post-conviction relief is three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2005). The circuit court's dismissal or denial of a petition for post-conviction relief, whether formally entitled as such or not, constitutes a final judgment and bars any successive petitions. Miss.Code Ann. § 99-39-27(9) (Supp.2005).
¶ 8. In the case sub judice, King filed a "Motion to Vacate Judgment and Sentence," dated January 13, 2005, over seven years after the entry of his guilty plea on July 30, 1997. The circuit court was correct in considering this motion a petition for post-conviction relief. Further, King had already timely filed a petition for post-conviction relief on September 30, 1999, which was denied by the circuit court. Therefore, we find King's current motion is not only procedurally barred by the statute of limitations, but is also barred as a successive writ. Miss. Code Ann. §§ 99-39-5(2), -27(9) (Supp. 2005). We thus affirm the circuit court's denial of that motion.
¶ 9. King is correct in asserting, however, that his sentences for Counts III and IV as recorded in the sentencing orders are inconsistent with his indictment charges. From the plea colloquy record, it is evident that the circuit judge clearly distinguished between the charges of sale of a controlled substance in Counts I and II, and possession with intent to sell a controlled substance in Counts III and IV. As to each count, the district attorney read the indictment, and King admitted his guilt, adding additional details of the crimes such as "[t]hat's the pills . . . [t]hey was in my house" pertaining to Count III and "that was the one that was in that *746 bank bag" relating to Count IV. At the sentencing hearing, the judge did not specify on the record the nature of the five counts except that they were "for violation of the controlled substance laws." We see no error in this procedure as the court had the discretion to sentence King to the same term of imprisonment regardless of whether the charges were for "sale" or "intent to sell" a controlled substance. See Miss.Code Ann. § 41-29-139 (Rev.2005). In the sentencing orders, however, Counts III and IV erroneously reflect that King pled guilty to "sale" of a controlled substance instead of "possession with intent to sell" a controlled substance.
¶ 10. King's arguments in this case are similar to his contentions in his prior appearance before this Court wherein he claimed his sentencing order was void because of an error in the wording of Count IV which incorrectly stated King was convicted of the sale of oxycodone instead of hydrocodone. At that time we ruled that error was not prejudicial to King. We find the same is true on the current motion. As previously mentioned, the sentencing errors have no prejudicial effect on King: they appear to be a mere scrivener's error. Every court has the inherent ability to correct its own records at any time. Harvey v. State, 919 So.2d 282, 285(¶ 9) (Miss.Ct.App.2005) (quoting Fields v. State, 840 So.2d 796, 801(¶ 10) (Miss.Ct.App.2003)). In order to correct the circuit court record, we remand this case to the Circuit Court of Coahoma County to correct the charges of the sentencing orders on Counts III and IV to reflect the correct charges as contained in King's indictment and plea petition: "possession with intent to sell," and not "sale" on Counts III and IV.
¶ 11. Accordingly, we affirm the decision of the Circuit Court of Coahoma County denying King's motion, and remand this case for correction of the sentencing orders pertaining to Counts III and IV.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. THE CASE IS REMANDED FOR CORRECTIONS TO THE SENTENCING ORDERS AS INDICATED IN THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] At the plea hearing, the State asked the court to drop the habitual offender charge, as negotiated in the plea agreement. The court agreed but kept the sale of controlled substances near a school and subsequent offender sentence enhancements intact.