BARNES, J.,
for the Court.
¶ 1. Charlie Taylor, appearing pro se, appeals the judgment of the Circuit Court of Oktibbeha County dismissing his self-styled motion for records and transcripts, which was considered a post-conviction relief petition by the court. We affirm the circuit court’s decision.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Taylor was indicted in 1998 for charges of possession of a controlled substance with intent to distribute. Pleading not guilty to the charges, Taylor had several court-appointed attorneys before deciding at trial he could best represent himself. The trial proceeded. In October of 1998, Taylor was convicted of one count of possession of marijuana with intent to distribute and one count of possession of cocaine with intent to distribute. He was sentenced as a habitual offender to serve in the custody of the Mississippi Department of Corrections a term of forty years for count one and of sixty years for count two, to run concurrently.
¶3. On March 26, 1999, Taylor filed a motion for post-conviction relief with the Circuit Court of Oktibbeha County. The circuit court treated this motion as a “motion for an out-of-time appeal” which was granted on May 5,1999. Taylor’s notice of appeal was filed July 27, 1999, by his appellate counsel.[1] On May 4, 2000, the Ok-tibbeha County Circuit Court issued an order dismissing Taylor’s post-conviction matter in Cause No. 99-041-CV because of lack of jurisdiction under Mississippi Code Annotated section 99-39-7 (Supp.2006).[2] Taylor’s direct criminal appeal was affirmed by this Court on March 20, 2001. See Taylor v. State, 812 So.2d 1056 (Miss.Ct.App.2001). Apparently, some time around the end of 2003 or the beginning of 2004, Taylor filed another motion for post-conviction relief, because an order from the Mississippi Supreme Court, filed March 25, 2004, ordered Taylor to supplement this motion with a supporting brief and other documents to support his claims.[3] On September 21, 2004, this Court dismissed Taylor’s motion for post-conviction relief because Taylor never filed the supplemental brief as requested. Taylor alleges that he could not file his supplemental brief because his four boxes of legal materials were illegally confiscated and destroyed by prison officials.
¶ 4. On May 27, 2005, Taylor filed the instant motion for records and transcripts in the Circuit Court of Oktibbeha County. On October 26, 2005, the circuit court dismissed Taylor’s motion for lack of jurisdiction under Mississippi Code Annotated section 99-39-7 (Supp.2006), because Taylor’s “criminal case in connection with this matter ... was appealed to the Mississippi *996 Supreme Court and affirmed and [his] pri- or post-conviction motions in this civil cause were appealed to the Mississippi Supreme Court and dismissed.” Taylor now appeals the circuit court’s dismissal of his motion.
STANDARD OF REVIEW
¶ 5. When we review a trial court’s decision to deny a petition for post-conviction relief, this Court will not alter findings by the trial court unless they are found to be clearly erroneous. Smith v. State, 822 So.2d 298, 299(¶ 3) (Miss.Ct.App.2001) (quoting Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). For questions of law, our standard of review is de novo. Id.
DISCUSSION
¶ 6. Taylor appeals the dismissal of his motion for records and transcripts, which the circuit court treated as a motion for post-conviction relief. No matter how convoluted the proceedings to date appear to be, this Court’s only concern is this particular motion and its dismissal by the circuit court.
¶ 7. The circuit court dismissed this motion for post-conviction relief on two related grounds: first, as a successive motion; and second, Taylor lacked permission from the Mississippi Supreme Court to file a motion for post-conviction relief, since Taylor’s direct criminal appeal had been previously adjudicated. See Miss.Code Ann. § 99-39-23(6) (Supp.2006); Miss. Code Ann. § 99-39-7 (Supp.2006).
¶ 8. The circuit court’s order of October 21, 2005, acknowledges “prior post-conviction motions” which have been appealed and dismissed by the Mississippi Supreme Court. “The dismissal or denial of [a motion for post-conviction relief] ... is a final judgment and shall be a bar to a second or successive application_” Miss.Code Ann. § 99-39-27(9) (Supp.2006). We acknowledge Taylor’s first motion for post-conviction relief, filed March 26, 1999, was considered an out-of-time appeal. However, a subsequent motion for post-conviction relief was dismissed by this Court on September 21, 2004. Since the circuit court treated this motion for records and transcripts as a motion for post-conviction relief, it was properly dismissed as a successive motion.
¶ 9. The circuit court’s ultimate grounds for dismissal was lack of jurisdiction to consider this motion. We agree. Since Taylor’s conviction has already been affirmed on appeal, Taylor was obligated to file his motion for post-conviction relief to a quorum of judges on the Mississippi Supreme Court, seeking an order allowing him to file such a motion before the trial court. Miss.Code Ann. § 99-39-7 (Supp. 2006). He failed to do so with this motion. Thus, the trial court lacked jurisdiction to rule on this motion, and it was appropriately dismissed by that court.
¶ 10. Alternatively, if we were to consider this motion as a motion for records and transcripts, no appellate jurisdiction exists over a transcript request if it is not raised as part of the direct appeal or as part of a motion for post-conviction relief. Fleming v. State, 553 So.2d 505, 506 (Miss.1989). “[N]othing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court’s ruling, to directly appeal that ruling to this court as a separate and independent action.” Id. Apparently, Taylor is currently trying to obtain records and transcripts for federal habeas corpus purposes. Taylor did not request free records and transcripts in his direct appeal from conviction. Further, as discussed above, if *997 considered a motion for post-conviction relief, this motion lacks proper jurisdiction and is barred as a successive motion. Therefore, we affirm the trial court’s dismissal of this motion if considered either as a motion for records and transcripts or as a motion for post-conviction relief.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Taylor appeared pro se for all of his subsequent post-conviction motions.

. Mississippi Code Annotated section 99-39-7 (Supp.2006) reads in pertinent part:
The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi ... and an order granted allowing the filing of such motion in the trial court.

.However, this order is not a part of this appeal’s record and is not at issue except to analyze the history of the motion at bar.