LEE, C.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Nicholas Grissom pleaded guilty in the Noxubee County Circuit Court to capital murder. He was sentenced to life without parole. He filed a motion for post-conviction relief, which was dismissed by the trial court.
 

 ¶ 2. He now appeals the trial court’s summary dismissal of his motion for post-conviction relief and asserts the following issues: (1) he was entitled to an evidentia-ry hearing; (2) the evidence was insufficient to support his conviction; (3) the indictment was insufficient; (4) he should have been granted a change in venue; (5) he was denied the right to a fair trial; (6) he was denied due process of law; and (7) his guilty plea was invalid.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. EVIDENTIARY HEARING
 

 ¶ 4. Grissom argues that the trial court erred in summarily dismissing his motion for post-conviction relief without first conducting an evidentiary hearing. The Mississippi Supreme Court has held that “[t]he trial court may summarily dismiss a motion for post-conviction relief ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ”
 
 Burrough v. State,
 
 9 So.3d 368, 371 (¶ 6) (Miss.2009) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
 

 ¶ 5. The trial court reviewed the record and guilty plea and found that it was clear that Grissom was not entitled to the requested relief. We find that the trial court properly dismissed the motion. Accordingly, this issue is without merit.
 

 II. SUFFICIENCY OF THE EVIDENCE
 

 ¶ 6. Grissom argues that the State failed to prove all elements of capital murder, specifically that he was guilty of robbery. During the plea colloquy, the State cited facts underlying the capital-
 
 *1282
 
 murder charge, including the robbery, that it would offer to prove Grissom’s guilt in the case of a trial. The State also listed the elements of capital murder. A valid guilty plea waives the right to challenge the sufficiency of the State’s evidence.
 
 Thornhill v. State,
 
 919 So.2d 288, 241 (¶ 16) (Miss.Ct.App.2005). We find this issue is without merit.
 

 III. INDICTMENT
 

 ¶ 7. Grissom argues that the indictment was insufficient because although it stated that he was being charged under Mississippi Code Annotated section 97-3-19 (Rev.2006), it failed to state which subsection.
 

 ¶ 8. The purpose of the indictment is to give notice of the charges against the defendant and the facts underlying such charges.
 
 Westmoreland v. State,
 
 246 So.2d 487, 490 (Miss.1971). Mississippi Code Annotated section 99-17-20 (Rev.2007) imposes an additional requirement for defendants tried for capital murder. It states: “No person shall be tried for capital murder ... unless such offense was specifically cited in the indictment returned against the accused by setting forth the section and subsection number of the Code defining the offense alleged to have been committed by the accused.” Miss. Code Ann. § 99-17-20.
 

 ¶ 9. Even if Grissom’s indictment was defective for not including the subsection for capital murder, Grissom waived his rights to any technical or non-jurisdictional defects in his indictment by pleading guilty.
 
 Brooks v. State,
 
 573 So.2d 1350, 1355 (Miss.1990). Additionally, section 99-17-20 states that “[n]o person shall be
 
 tried
 
 for capital murder, or any other crime punishable by death,” unless the offense’s subsection is specifically cited in the indictment. (Emphasis added). Gris-som was not convicted by a jury but rather, pleaded guilty. The record shows Gris-som had reasonable notice of the crimes charged, even without the inclusion of the subsection, and his defense was in no way prejudiced by its omission.
 

 ¶ 10. Grissom’s indictment states that Grissom was being charged with capital murder and tracks the language of section 97-3-19(2)(e). We find the indictment was sufficient to give Grissom notice of the charge against him.
 

 IV. VENUE
 

 ¶ 11. Grissom filed a motion for a change of venue and attached his affidavit along with seven other affidavits. The trial court held a hearing on the matter, although a transcript of the hearing was not included in the record. The main complaint seemed to be that Grissom could not receive a fair trial in Noxubee County because of its racial composition. One affi-ant stated that a fair trial was not possible in Noxubee County “because of all the talk.”
 

 ¶ 12. Mississippi Code Annotated section 99-15-35 (Rev.2007) states:
 

 On satisfactory showing, in writing, sworn to by the prisoner, made to the court, or to the judge thereof in vacation, supported by the affidavits of two or more credible persons, that, by reason of prejudgment of the case, or grudge or ill will to the defendant in the public mind, he cannot have a fair and impartial trial in the county where the offense is charged to have been committed, the circuit court, or the judge thereof in vacation, may change the venue in any criminal case to a convenient county, upon such terms, as to the costs in the case, as may be proper.
 

 ¶ 13. First, we note that Grissom chose to plead guilty and, thus, did not have a trial. Thus, this issue is procedurally barred. Regardless, Grissom does not allege prejudgment of the case, grudge, or ill
 
 *1283
 
 will by the public. The trial court found that Grissom failed to raise a rebuttable presumption that he could not receive a fair trial. We agree. This issue is procedurally barred and without merit.
 

 V. FAIR TRIAL
 

 ¶ 14. Grissom argues that he was denied the right to a fair trial because his counsel’s performance was deficient.
 

 ¶ 15. There exists in Mississippi the presumption that trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic.
 
 Edwards v. State,
 
 615 So.2d 590, 596 (Miss.1993). Further, the supreme court “has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 658 So.2d 920, 922 (Miss.1995) (citing
 
 Brooks,
 
 573 So.2d at 1354).
 

 ¶ 16. Grissom argues that his counsel persuaded him into pleading guilty to avoid the death penalty. As the trial court noted, the death penalty is a possible punishment for capital murder, and it was logical that Grissom’s trial counsel warned him of this. Grissom also makes other arguments regarding his counsel’s performance, including that his attorney failed to include critical facts in the motion to change venue. Grissom presents no supporting evidence for his assertions. Thus, we find this issue is without merit.
 

 VI. DUE PROCESS
 

 ¶ 17. Grissom argues that he was denied due process because the State lacked evidence to support the elements of the crime. As stated above, a valid guilty plea waives the right to challenge the sufficiency of the State’s evidence.
 
 Thornhill,
 
 919 So.2d at 241 (¶ 16). This issue is without merit.
 

 VII.GUILTY PLEA
 

 ¶ 18. Grissom argues that he would not have pleaded guilty but for his attorney’s deficient performance. The Mississippi Supreme Court has held as follows regarding the validity of a guilty plea:
 

 A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.
 
 King v. State,
 
 738 So.2d 240, 241 [ (¶¶ 2-3) ] (Miss.1999). To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.
 
 Harris v. State,
 
 806 So.2d 1127, 1130 [(¶ 9)] (Miss.2002).
 

 Burrough,
 
 9 So.3d at 373 (¶ 11).
 

 ¶ 19. During Grissom’s plea hearing, Grissom stated that his attorney had explained to him the implications of a guilty plea. He also stated that he was satisfied with his attorney’s performance. He stated that he was pleading guilty because he was guilty and that no one had threatened or influenced him into pleading guilty.
 

 ¶ 20. We find that Grissom was properly advised of his rights, the nature of the charge, and the consequences of the guilty plea. We also find that his guilty plea was voluntarily and intelligently made. This issue is without merit.
 

 ¶ 21. THE JUDGMENT OF THE NOXUBEE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NOXUBEE COUNTY.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS,
 
 *1284
 
 CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.