ON WRIT OF CERTIORARI

KING, Justice, for the Court:
¶ 1. Jeffrey Wayne Yeatman filed a motion for post-conviction relief in the Circuit Court of Oktibbeha County. That motion was denied by the trial court, and Yeatman appealed. The appeal was assigned to the Court of Appeals, which affirmed the trial court’s denial of post-conviction relief. We granted Yeatman’s petition for writ of cer-tiorari.[1] Yeatman submits three issues for this Court to consider:
I. Whether his indictment was improperly amended.
II. Whether the Court of Appeals erred when it failed to address Yeat-man’s argument that he was illegally sentenced as a habitual offender because it was not stated in his criminal information.
III. Whether Yeatman’s sentence was illegal because the $5,000 fine exceeded the amount prescribed by statute.
We affirm regarding the amendment to the indictment. We reverse the trial court’s denial of Yeatman’s petition for post-conviction relief regarding his habitual-offender-status issue. And we vacate Yeatman’s fine and remand for consideration of whether Yeatman was charged as a habitual offender and for proper sentencing.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 25, 2006, an Oktibbeha County deputy found Yeatman drunk and sitting in a car with the engine running, while parked on the side of the road. The deputy asked Yeatman to get out of the car. After exiting the car, Yeatman ran away. The deputy chased after Yeatman in an attempt to apprehend him. In his efforts to evade arrest, Yeatman struck and kicked the deputy. Yeatman was ar *1242 rested on charges of simple assault upon a law enforcement officer and driving under the influence (DUI).
¶ 3. On July 19, 2006, Yeatman was in-dieted in cause number 2006-0161-CR on a charge of simple assault upon “Steven Woodruff, a Deputy with the Oktibbeha County Sheriffs Department.” On September 20, 2006, the State filed a motion to amend the indictment to charge Yeatman as a habitual offender pursuant to Mississippi Code Section 99-19-83.[2] In that motion, the State set forth the offenses, cause numbers, and dates of conviction which served as the basis of the motion to charge Yeatman as a habitual offender under Section 99-19-83. On October 31, 2006, in open court, the trial court granted the State’s ore tenus motion to amend the indictment in 2006-0161-CR to charge Yeatman with simple assault upon a law enforcement officer as a habitual offender pursuant to Mississippi Code Section 99-19-81.[3] On November 1, 2006, the court’s written order amending the indictment in 2006-0161-CR was filed. That order specifically set forth each offense, place of conviction, cause number and sentence relied upon to amend the indictment.
¶ 4. On July 30, 2006, Yeatman was again arrested and charged with DUI. On October 31, 2006, a criminal information was filed in cause number 2006-0327-CR, which charged Yeatman with third offense DUI for the incident of May 24, 2006. Also on October 31, 2006, a criminal information was filed in cause number 2006-0328-CR, which charged Yeatman for the July 30, 2006, arrest with third offense DUI as a habitual offender pursuant to Section 99-19-81. The information filed in 2006-0328-CR set out the convictions, places of conviction, cause numbers and sentences relied upon to charge Yeatman as a habitual offender.
¶ 5. On October 31, 2006, Yeatman appeared in the Circuit Court of Oktibbeha County and entered pleas of guilty to the offenses charged in cause numbers 2006-0161-CR, 2006-0327-CR, and 2006-0328-CR. The trial court accepted Yeatman’s guilty pleas and imposed the following sentences: Cause number 2006-0161-CR, simple assault upon a law enforcement officer as a habitual offender, five years imprisonment and a fine of $5,000; cause number 2006-0327-CR, third offense DUI, five years imprisonment and a fine of $5,000 as a habitual offender; cause number 2006-0328-CR, third offense DUI as a habitual offender, one year imprisonment, four years of post-release supervision, and a fine of $100.
¶ 6. On October 30, 2009, Yeatman filed a motion for post-conviction relief (PCR), assigned cause number 2009-0476-CV, challenging the changes made to the indictment in cause number 2006-0161-CR, the charge of simple assault on a law enforcement officer. Yeatman asked the trial court to find that the word “deputy” was improperly struck through in the indictment and replaced with the words “law-enforcement officer.” Yeatman also asked the trial court to find that the imposed fine of $5,000 exceeded the maximum fine allowed for this offense.
¶ 7. That same day, Yeatman filed a second motion for PCR, assigned cause number 2009-0477-CV, challenging his conviction as a habitual offender in cause number 2006-0327-CR (DUI third offense). On June 4, 2010, the trial court *1243 entered an order denying Yeatman relief in cause number 2009-0476-CV. The trial court did not rule on Yeatman’s request for relief in cause number 2009-0477-CV. On June 18, 2010, the trial court entered an order, directing that the file in cause number 2009-0477 be merged with the file in cause number 2009-0476-CV.
¶ 8. On appeal, the Court of Appeals affirmed the trial court’s denial of post-conviction relief. Aggrieved, Yeatman filed his petition for writ of certiorari, which we granted.
DISCUSSION
I. Amendment to Indictment
¶ 9. In his motion for post-conviction relief in cause number 2009-0476-CV, which was ruled upon by the trial court, Yeatman contended: (1) that his indictment was improperly amended by striking the term “deputy” and replacing it with the term “law enforcement officer,” and (2) that an unlawful fine was imposed for the charge of simple assault on a law-enforcement officer as a habitual offender.
¶ 10. There is no indication of when, by whom, or by what authority the term “law enforcement officer” was substituted for the term “deputy.” The indictment is a solemn document and should not be altered without proper authority once it has been released by the grand jury. Miller v. State, 740 So.2d 858, 862 (¶ 13) (Miss. 1999). While the record does not allow this Court to determine that the change was, in fact, done properly, under the facts of this case, it can be said that the error, if any, was harmless for two reasons. First, a deputy sheriff is by definition a law-enforcement officer. Because the purpose of an indictment is to place the defendant on notice of the charges against him, the changing of the term deputy to law-enforcement officer in no way substantively impacted the charges against Yeatman, or any defenses available to him. See id. at 862-863 (¶ 13).[4] Second, Yeatman waived any non substantive defects in the indictment by entry of his guilty plea. See Harris v. State, 757 So.2d 195, 197 (¶ 9) (Miss.2000). Accordingly, we find this issue is without merit and affirm.
II. Habitual-Offender Status
¶ 11. We find that the trial court committed error when it declined to rule on Yeatman’s request for post-conviction relief in 2009-0477-CV and ordered that file to be merged with the file in 2009-0476-CV. The request for relief in 2009-0477-CV was based upon the conviction of DUI, third offense, as a habitual offender in cause number 2006-0327-CR, and challenged whether Yeatman had in fact been charged as a habitual offender in that cause. The request for relief in cause number 2009-0476-CV was based upon the conviction of simple assault upon a law-enforcement officer as a habitual offender in cause number 2006-0161-CR.
¶ 12. By statute, each request for post-conviction relief must be limited to only one conviction. Section 99-39-9(2) of the Mississippi Code provides:
*1244 A motion shall be limited to the assertion of a claim for relief against one judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.
Miss.Code Ann. § 99-39-9(2) (Supp.2011). Because Yeatman sought to attack a separate conviction in each of these motions for post-conviction relief, the trial court committed error by merging the two files and declining to rule on the post-conviction relief request in cause number 2009-0477-CV. Yeatman’s motion for post-conviction relief in cause number 2009-0477-CV, on its face, appears to have merit. The criminal information in cause number 2006-0327-CR, which is attached to Yeatman’s motion as exhibit “A,” does not appear to contain any language which suggests that Yeatman is being charged as a habitual offender. However, the sentencing order in cause number 2006-0327-CR, attached to Yeatman’s motion as exhibit “B,” finds Yeatman to be a habitual offender pursuant to Section 99-19-81, and sentences him as a habitual offender.
¶ 13. Accordingly, this Court reverses the denial of post-conviction relief in cause number 2009-0477-CV, and remands that cause to the trial court to make a determination of whether Yeatman was charged as a habitual offender in 2006-0327-CR. Should the trial court find that Yeatman was not charged as a habitual offender in the criminal information in cause number 2006-0327-CR, it should vacate the habitual-offender portion of any sentence which it has imposed in that cause, and certify the same to this Court.
III. Illegal Sentence
¶ 14. In his motion for post-conviction relief in cause number 2009-0476-CV, which was ruled upon by the trial court, Yeatman contended that an unlawful fine was imposed for the charge of simple assault on a law-enforcement officer as a habitual offender. The trial court ordered him to pay a $5,000 fine. Yeatman argues this fine is in violation of Mississippi Code Section 97-3-7(1) (Rev.2007).[5] Section 97-3-7(1) provides for a maximum fine of $1000 on conviction of simple assault on a law-enforcement officer. See id. The statute does not provide for enhancement of the fine due to habitual-offender status. Nor does Section 99-19-81, the habitual-offender statute under which Yeatman was convicted, provide for the enhancement of any fines. Section 99-19-81[6] merely requires the imposition of the maximum allowable term of imprisonment, which is required to be served day for day.
¶ 15. Upon being asked at the plea hearing if the State had a recommendation *1245 on sentencing, the prosecutor responded yes. He then stated, “[h]owever, as the Court knows in Cause Number 2006-0161, the simple assault on the officer, the Court has to sentence him to the maximum sentence of five years and the fine of $5,000 as a habitual offender.” The trial court stated it would follow that recommendation, and imposed sentence on the charge of simple assault upon a law-enforcement officer as follows: “Cause Number 2006-0161-CR, it is the judgment of this Court that you be sentenced to serve a term of five years in the Mississippi Department of Corrections without the possibility of parole, early release, earned good time, or anything, weekend passes. You will pay the fine of $5,000.” The relevant portion of the sentencing order for the charge of simple assault on a law-enforcement officer reads, “The Defendant is further ordered to pay a fine in the amount of $5,000.00 and all costs of Court, to be paid as part of the Post Release Supervision in Cause No. 2006-0328-CR of Oktibbeha County, Mississippi.”
¶ 16. In its order of June 4, 2010, denying post-conviction relief, the trial court stated: “The petitioner further alleges that the Court has sentenced him to an illegal sentence by fining him $5,000 in this cause when the maximum fine for simple assault on a law-enforcement officer is $1,000. The Court finds this allegation to be without merit. The sentencing order clearly states that the $5,000 is to be paid as part of the sentence in Oktibbeha County Criminal Cause Number 2006-0328-CR in which the Petitioner pled guilty to the offense of DUI-3rd Offense.” This finding by the trial court is not borne out by the transcript of the plea hearing, or by the sentencing order in Cause Number 2006-0328-CR. The relevant portion of the sentencing order in 2006-0328-CR provides, “IT IS THEREFORE ORDERED that the Defendant be sentenced to serve a term of one (1) year in the Mississippi Department of Corrections,' and pay all costs of the Court, and pay a fine of $100.00....”
¶ 17. This Court’s reading of the transcript of the plea hearing and the sentencing order leads to the inescapable conclusion that a fine of $5,000 was imposed as part of the sentence of simple assault upon a law-enforcement officer. Additionally, if the $5,000 fine was intended as punishment for the charge of DUI third offense, the proper place to impose that fine was in the separate sentencing order for that offense. There exists no authority or plausible reason to include a fine for a charge of DUI third offense in the separate sentencing order on a charge of simple assault on a law-enforcement officer.
¶ 18. Matters of sentencing are committed to the sound discretion of the trial court and generally will not be disturbed if found to be within the allowable statutory range. See Sewell v. State, 721 So.2d 129, 142 (¶¶ 71-72) (Miss.1998) (finding “no court may adjudge and sentence a defendant beyond its statutory authority to do so”). The fine imposed in this case exceeded the allowable statutory range, and is thus an abuse of discretion. Accordingly, we vacate the fine of $5,000 imposed in cause number 2006-0161-CR (simple assault on a law-enforcement officer), and remand this matter to the trial court for entry of a proper sentence.
CONCLUSION
¶ 19. The amendment to Yeatman’s indictment did not materially alter the facts, which are the essence of the offense, or any defenses available to him. Thus, we *1246 find no error regarding this issue and affirm the decisions of the trial court and the Court of Appeals as to this issue.
¶ 20. Because Yeatman properly submitted a separate post-conviction relief request for each of the two convictions from which he sought post-conviction relief, we hold the trial court acted improperly when it merged the two causes and declined to rule upon the second request. We reverse that action and remand the post-conviction request assigned circuit court cause number 2009-0477-CV to the trial court to determine whether the information charged Yeatman as a habitual offender.
¶ 21. Further, finding that the trial court abused its discretion by imposing a fine in circuit court cause number 2006-0161-CR (simple assault on a law-enforcement officer) which exceeded the allowable fine set out in Section 97-3-7(1), we vacate the fine, reverse the Court of Appeals’ decision as to this issue, and remand to the trial court for a proper sentence.
¶ 22. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE OKTIB-BEHA COUNTY CIRCUIT COURT IS AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.

. On April 20, 2012, the State filed a motion requesting this Court to remand for an evi-dentiary hearing. Because this Court has chosen instead to rule on the issues, the State’s motion is moot and is denied by separate order.

. Miss.Code Ann. § 99-19-83 (Rev.2007).

. Miss.Code Ann. § 99-19-81 (Rev.2007).

. The Court in Miller held that:
[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case.
Miller, 740 So.2d at 862-63 (¶ 13) (quoting Greenlee v. State, 725 So.2d 816, 822 (¶ 10) (Miss. 1998)).

. In relevant part, Section 99-37-1(1) provides that:
[A] person convicted of simple assault [upon a] ... law enforcement officer ... shall be punished by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.

. Section 99-19-81 provides that:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.