IN THE SUPREME COURT OF MISSISSIPPI

NO. 2013-CP-00457-SCT

*JEFFREY WAYNE YEATMAN a/k/a JEFFREY*
*YEATMAN a/k/a JEFF W. YEATMAN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/15/2013 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| TRIAL COURT ATTORNEYS: | JEFFREY WAYNE YEATMAN (PRO SE) |
| | RHONDA HAYES-ELLIS |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFREY WAYNE YEATMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA BYRD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 07/24/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    On October 31, 2006, Jeffrey Wayne Yeatman pleaded guilty to one count of simple assault on a law-enforcement officer and two counts of third-offense driving under the influence. Each of the three counts had a separate cause number. The Circuit Court of Oktibbeha County accepted Yeatman's guilty pleas and sentenced him as follows: for simple assault on a law-enforcement officer in cause number 2006-0161-CR, five years imprisonment and a fine of $5,000 as a habitual offender; for third-offense DUI in cause

number 2006-0327-CR, five years imprisonment and a fine of $5,000 as a habitual offender; and for third-offense DUI in cause number 2006-0328-CR, one year imprisonment, four years of post-release supervision, and a fine of $100. All sentences were to run consecutively.

¶2. Yeatman filed motions for post-conviction relief from his convictions for simple assault on a law-enforcement officer and third-offense DUI in cause number 2006-0327-CR. The trial court denied post-conviction relief, and the Court of Appeals affirmed. This Court granted Yeatman's petition for a writ of certiorari. *Yeatman v. State*, 90 So. 3d 1239, 1243 (Miss. 2012). Because, by statute, the fine for simple assault on a law-enforcement officer is a maximum of $1,000, the Court vacated the $5,000 fine imposed on Yeatman for that crime. *Id.* at 1244-45. We also remanded the case to the trial court for a determination of whether the criminal information in cause number 2006-0327-CR charged Yeatman as a habitual offender. *Id.* at 1244. We directed the trial court to vacate the habitual-offender portion of Yeatman's sentence in that cause if it found that Yeatman had not been charged as a habitual offender in cause number 2006-0327-CR. *Id.* This appeal concerns the trial court's decision on remand.

¶3. On remand, the trial court held an evidentiary hearing at which Yeatman argued that, because his criminal information in cause number 2006-0327-CR did not charge him as a habitual offender, his habitual-offender sentence should be vacated. The trial court reviewed the transcript of the plea hearing, the criminal informations in causes number 2006-0327-CR and 2006-0328-CR, and Yeatman's guilty-plea petitions in those cause numbers. The State explained that the criminal information for cause number 2006-0328-CR had the habitual-

offender language, but the criminal information for cause number 2006-0327-CR did not. Yeatman's guilty-plea petitions showed that he had agreed that the State would recommend habitual-offender sentencing in cause number 2006-0328-CR and would recommend a sentence of one year and four years' post-release supervision in cause number 2006-0327-CR.

¶4.     The trial court recognized that, in exchange for Yeatman's guilty pleas to simple assault on a law-enforcement officer and two charges of third-offense DUI, the State had agreed not seek a life sentence for the assault charge under Mississippi Code Section 99-19-83. *See Yeatman*, 90 So. 3d at 1242. The trial court found that, during the sentencing hearing, the cause numbers for the DUI charges inadvertently had been transposed, causing Yeatman to receive a habitual-offender sentence in cause number 2006-0327-CR rather than cause number 2006-0328-CR. The trial court found that, in cause number 2006-0328-CR, Yeatman received the sentence he had bargained for in 2006-0327-CR, and in cause number 2006-0327-CR, he received the sentence he had bargained for in 2006-0328-CR. The trial court concluded that Yeatman had received the benefit of his plea bargain and declined to vacate the habitual-offender portion of Yeatman's sentence. Instead, the trial court held that "[t]he sentence originally placed in Oktibbeha Criminal Cause Number 2006-0327-CRK is to be instead placed in Oktibbeha Criminal Cause Number 2006-0328-CRK and the sentence placed in Oktibbeha Criminal Cause Number 2006-0328-CRK is to be instead placed in Oktibbeha Criminal Cause Number 2006-0327-CRK, as the cause numbers were inadvertently switched during the guilty plea process." The trial court also removed the fine given for simple assault on a law-enforcement officer. The trial court directed the district

3

attorney to prepare *nunc pro tunc* sentencing orders in the three causes, reflecting the corrections.

¶5.    Yeatman appeals, arguing that, on remand, the trial court exceeded this Court's mandate directing the court to vacate the habitual-offender portion of his sentence if the criminal information in cause number 2006-0327-CR did not charge him as a habitual offender. He argues that, because he did not file a motion for post-conviction relief (PCR) attacking cause number 2006-0328-CR, the trial court lacked authority to alter the sentence in that case. He further argues that the trial court lacked jurisdiction to enter *nunc pro tunc* sentencing orders after the term of court had expired.

¶6.    The State argues that the trial court acted within its inherent authority to correct what amounted to a clerical error in the sentencing orders. We agree. Yeatman received the benefit of his plea bargain, because, although the cause numbers were transposed, he received the exact sentences he expected to receive based on the plea petitions. As Yeatman expected, the State did not pursue an amendment to the indictment under Section 99-19-83 for simple assault on a law-enforcement officer, and on the DUI charges, he received five years as a habitual offender on one charge, and one year and four years' post-release supervision on the other charge. Although the criminal information in cause number 2006-0327-CR did not charge Yeatman as a habitual offender, he was charged as a habitual offender in cause number 2006-0328-CR. Yeatman's guilty-plea petition in cause number 2006-0328-CR states that the State would recommend a mandatory five-year habitual-offender sentence. Yeatman's guilty plea petition in cause number 2006-0327-CR states that the State would recommend a sentence of one year to serve and four years on post-release supervision. The

record supports the trial court's finding that Yeatman received the benefit of his plea bargain, although the cause numbers inadvertently were transposed on the sentencing orders.

¶7. The Court of Appeals addressed a similar situation in *Fields v. State*, 840 So. 2d 796 (Miss. Ct. App. 2003). As in this case, in *Fields*, the defendant's two case numbers were switched during the sentencing hearing; the defendant's sale-of-marijuana sentence of twenty-five years was what he should have received for sale of cocaine, and his sale-of-cocaine sentence of five years was what he should have received for sale of marijuana. *Id.* at 800. Three years later, the trial court corrected the mistake in amended judgments that reflected the correct cause numbers and correct sentences. *Id.* The Court of Appeals held that the only reasonable inference to be drawn from the facts was that the trial court originally had intended to sentence Fields to twenty-five years for sale of cocaine and five years for sale of marijuana. *Id.* The Court of Appeals held that the trial court's entry of amended sentencing orders was within its inherent authority "to correct clerical errors . . . and to make the judgment entry correspond with the judgment rendered." *Id.* (quoting *Kitchens v. State*, 253 Miss. 734, 179 So. 2d 13, 14 (1965)). The Court of Appeals rejected the defendant's argument that the trial court had lacked authority to correct the sentencing orders three years later, stating:

> As a general rule, "jurisdiction once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." *B.G. Bynum v. State*, 222 Miss. 632, 76 So. 2d 821, 821 (Miss.1955). In addition, "every court of record has inherent power not derived from statute to correct its own judgment rendered at a former term but a reviewing court is without power to substitute a wholly different judgment for that from which an appeal is prosecuted." *Id.* In the case of *Brown v. Sutton*, 158 Miss. 78, 121 So. 835, 837 (1929), the court said: "Every court of record has general authority over its own records.

5

The power of such a court to correct its records so as to make them speak the truth is inherent. The records of a court can be corrected or altered only by the court itself; and another court has no authority to make such corrections, even though it has appellate jurisdiction over the court whose records are sought to be corrected." "Where it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts as established by the record, the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder and sets the judgment entry right by an amendment nunc pro tunc." *Morrison & Whitlock v. Stewart*, 21 Ill. App. 113 (1886). The circuit court had not lost jurisdiction over this case. In addition to the ability to correct clerical errors, this correction may be done at any time, as well after as during the term. *Balch v. Shaw*, 61 Mass. 282 (Mass. 1851).

*Fields*, 840 So. 2d at 800-01.

¶8.     Under the above authority, the trial court was within its inherent power to direct the entry of *nunc pro tunc* sentencing orders to correct what plainly was a clerical error by the court. The trial court retains the inherent authority to correct errors of a purely clerical nature at any time, even outside the term of court. *Fields*, 840 So. 2d at 801. Thus, the trial court had jurisdiction to enter a corrected sentencing order *nunc pro tunc* in cause number 2006-0328-CR, although Yeatman did not file a motion for PCR from that conviction. Further, no double-jeopardy concerns arose, because Yeatman was not resentenced to a greater term than he originally received. *See Harvey v. State*, 919 So. 2d 282, 285 (Miss. Ct. App. 2005) (the correction of a sentencing order to conform to the proceedings did not raise double-jeopardy concerns). The only reasonable inference to be drawn from the facts is that Yeatman received the sentences he bargained for and that the cause numbers inadvertently were transposed on the sentencing orders. We find that the trial court's direction of the entry of nunc pro tunc sentencing orders was within its inherent authority to correct clerical errors. Therefore, we affirm.

6

¶9.    **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.**