# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00737-COA

**JUAN MORALES A/K/A JUAN LUIS MORALES**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2018 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JUAN MORALES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/06/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1. A Lee County Grand Jury indicted Juan Morales ("Morales") on two counts of sexual battery (Counts I & III) and one count of fondling (Count II). At the time of trial in February 2007, Morales failed to appear. The circuit court found that Morales had willfully, voluntarily, and deliberately avoided trial and therefore would be tried in absentia. The jury returned a guilty verdict on all three counts. Regarding Count I, the court sentenced Morales to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) with five years suspended followed by five years of post-release supervision. Regarding Count II, the court sentenced Morales to serve fifteen years in the MDOC's custody, to be served concurrently with Count III. Regarding Count III, the court sentenced

Morales to serve twenty years in the MDOC's custody, to be served consecutively to Count I.

¶2. In 2012, the United States Marshals Service found Morales in Mexico and returned him to the United States to be placed in MDOC's custody. In September 2017, Morales filed a petition for post-conviction collateral relief (PCR). In May 2018, the circuit court entered an order granting in part, and denying and dismissing in part, Morales's petition. The court granted relief to amend Morales's sentencing order to correctly reflect the sentences relative to the specific counts in the indictment.

¶3. On appeal, Morales asserts the same issues he raised before the circuit court, namely that (1) the circuit court erred by allowing him to be tried in absentia; (2) he was given an illegal sentence; and (3) he received ineffective assistance of counsel. After a thorough review of the record, we affirm.

## FACTS

¶4. In August 2005, a grand jury indicted Morales on two counts of sexual battery (Counts I & III) and one count of fondling (Count II). The indictment charged that, on June 20, 2005, Morales fondled and penetrated (anally and vaginally) a young girl.[1] Count I charged Morales with sexual battery upon the female victim by performing the sexual act of anal penetration via insertion of an "object and/or device in the victim's rectum." Count II charged Morales with "handl[ing], touch[ing] or rub[bing] with his hands or other parts of his body, the body of [the victim]"—specifically, the victim's vagina—for the purpose of

---

[1] At the time of the crime, Morales was approximately thirty years old, and the young girl was approximately ten.

2

"gratifying his lust or indulging his depraved licentious sexual desires." Count III charged Morales with sexual battery by performing the sexual act of digital penetration via insertion of his finger and/or fingers in the victim's vagina.

¶5. Morales pled not guilty at his arraignment, and the court released him on a $50,000 bond. After several continuances by Morales, the court set the cause for trial on February 7, 2007. When the trial date arrived, Morales failed to appear.

¶6. On the morning of the scheduled trial, the court questioned Morales's attorney, Robert Laher, regarding Morales's whereabouts. Laher responded that he had spoken to Morales several times in the weeks leading up to the trial. In fact, Laher had been in contact with Morales the day before the trial on February 6, 2007. Laher was unaware if Morales had fled.[2] The court asked Laher if Morales was aware that the trial was scheduled for February 7, 2007, at 9:00 a.m. in the Lee County Justice Center located in Tupelo, Mississippi. Laher confirmed that Morales understood the correct trial date. Based on counsel's representations, the court entered a warrant for Morales's arrest.

¶7. The circuit court also found that Morales had willfully, voluntarily, and deliberately avoided trial and decided to proceed without Morales. Despite Morales's absence, Morales's counsel had the opportunity to cross-examine witnesses and present a defense. The circuit court also instructed the jury that they were not to draw any inference from Morales's absence. On February 9, 2007, the jury returned a guilty verdict on all three counts. In Count I, the court sentenced Morales to twenty-five years with five years suspended followed

---

[2] A taped telephone conversation between Morales and his wife revealed the possibility that Morales had fled to Mexico.

by five years of post-release supervision. In Count II, the court sentenced Morales to fifteen years to be served concurrent to Count III. In Count III, the court sentenced Morales to twenty years to be served consecutively to Count I.

¶8. In 2012, the United States Marshals Service located Morales living in Mexico and returned him to Mississippi to be placed in the custody of the MDOC to serve his sentence. In September 2017, Morales filed a PCR petition. In May 2018, the circuit court entered an order granting in part, and denying and dismissing in part, the relief requested. Specifically, the circuit court found that (1) Morales willfully, voluntarily, and deliberately avoided trial with no prejudice resulting from his absence; (2) the sentencing order should be amended to align each count with the correct sentence; and (3) Morales's ineffective-assistance-of-counsel claim was barred by the statute of limitations. It is from this order that Morales timely filed his notice of appeal.

¶9. On appeal, Morales asserts that (1) the circuit court erred by allowing trial in absentia; (2) he was given an illegal sentence; and (3) he received ineffective assistance of counsel. We address each issue in turn.

STANDARD OF REVIEW

¶10. When reviewing a trial court's decision to deny or dismiss a petition for PCR, this Court will not disturb that court's factual findings unless they are found to be clearly erroneous. However, when questions of law are raised, the applicable standard of review is de novo. *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006).

DISCUSSION

4

**I.    Whether trial in absentia was proper and the circuit court was correct in denying relief on that claim.**

¶11.    Morales first contends that the circuit court erred by allowing him to be tried in absentia, because it prevented him from cross-examining witnesses. We find Morales's PCR petition is time-barred with regard to this assignment of error.

¶12.    Under the Uniform Post-Conviction Collateral Relief Act ("UPCCRA"), a motion for relief must be made within three years after the time for taking an appeal from the judgment of conviction or sentence has expired if no appeal is taken, or in case of a guilty plea, within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Morales filed his petition for PCR on September 11, 2017, more than a decade after his conviction on February 9, 2007. Morales is thus well outside the statutory limitations imposed for filing such a petition.

¶13.    Further, Morales has not demonstrated that any of the exceptions to the procedural bar found in section 99-39-5(2) are relevant or applicable.[3] "[M]ere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). "[T]he movant[] bears the burden of proving an exception applies to the UPCCRA's procedural bars." *Gunn v. State*, 248 So. 3d 937, 942 (¶19) (Miss. Ct.

---

[3] Errors affecting certain fundamental rights are excepted from PCR procedural bars. *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016). "[F]our types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Green v. State*, 235 So. 3d 1438, 1440 (¶9) (Miss. Ct. App. 2017) (quoting *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015)).

App. 2018) (citing *Brandon v. State*, 108 So. 3d 999, 1004 n.3, 1006 (¶12) (Miss. Ct. App. 2013)).  While Morales takes issue with various aspects of his trial, he fails to show how the circuit court's decision to proceed with trial in his absence implicates a fundamental right that would survive the time-bar provided by section 99-39-5(2).  As such, we find that the circuit court should have dismissed Morales's PCR petition as to this ground as time-barred.

¶14.    Notwithstanding, we find no error in the circuit court's determination that a trial in absentia was proper in this case.  In *Jefferson v. State*, 807 So. 2d 1222, 1224 (¶7) (Miss. 2002), the Mississippi Supreme Court "carved out an exception" to allow felony trials to proceed without the defendant being present.  The Mississippi Legislature codified the *Jefferson* exception in 2005:

> In criminal cases the presence of the prisoner may be waived (a) if the defendant is in custody and consenting thereto, or (b) is on recognizance or bail, has been arrested and escaped, or has been notified in writing by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or is in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment made final and sentence awarded as though such defendant were personally present in court.

Miss. Code Ann. § 99-17-9 (Rev. 2015).  Section 99-17-9 permits a court, in its discretion, to allow a trial in absentia when the prisoner has notice of the allegations against him but has nonetheless voluntarily fled.  *See also Haynes v. State*, 208 So. 3d 4, 6 (¶11) (Miss. Ct. App. 2016) (finding a defendant who takes "willful, voluntary, and deliberate actions to avoid trial" has "waived the right to be present at trial and may be tried in absentia").

¶15.    In *Jefferson*, the defendant "was present for his arraignment, though it [had been] waived, at which time his trial was set."  807 So. 2d at 1226 (¶14).  The defendant was again

6

present at his omnibus hearing. *Id*. Following this hearing, the defendant spoke directly with his attorney numerous times—notably just a week prior to his trial date. *Id*. Beyond that, the most glaring evidence of the defendant's deliberate intent to evade was the unrefuted testimony of his longtime acquaintance, whom the defendant had informed of his plan to run and avoid trial. *Id*. Thus, the trial court found the defendant "knowingly, willingly, freely, voluntarily and intentionally . . . absented himself from a trial in this cause without reason or justification after receiving proper and direct notification of the date, place and time of his trial, all for the specific purpose of escaping prosecution." *Id*.

¶16.    Here, as in *Jefferson*, the facts demonstrate that Morales had notice of the allegations against him and voluntarily fled. During the arraignment, Morales appeared in open court in the presence of his attorney and the District Attorney and was served with a copy of the indictment. He entered a plea of not guilty. The court released Morales on the condition he obtain a $50,000 appearance bond for the trial—All-Pro Bail Bonds contributed the surety, and Morales signed the agreement. And, as discussed above, Morales's attorney, Laher, confirmed to the court that Morales was fully aware of the time, date, and location of his trial even as close as a day before the trial date. Moreover, a taped telephone conversation between Morales and his wife revealed the possibility that Morales had fled or was thinking about fleeing to Mexico. In fact, almost five years after Morales's trial, the United States Marshals Service located Morales living in Mexico.

¶17.    The facts thus demonstrate that Morales, with sufficient notice of the allegations against him, willfully, voluntarily, and deliberately avoided trial by leaving the country.

7

Even though Morales was absent, his counsel participated in the trial, and the court instructed the jury not to make any assumption or draw any inference from Morales's absence. The circuit court therefore did not abuse its discretion by allowing Morales to be tried in absentia, and Morales suffered no prejudice because of his absence. We find that this assignment of error is without merit.

**II.     Whether the circuit court properly granted Morales's petition and amended the sentencing order to correct a clerical error.**

¶18.    Morales next contends that he was given an illegal sentence for his conviction under Count II. We find that the circuit court properly granted Morales's PCR motion in part to amend the sentencing order to correct a clerical error in the recording of the sentences.[4]

¶19.    Morales's indictment charged him in Count I with sexual battery, Count II with fondling, and Count III with sexual battery. The arraignment order arranged the three counts in the same numerical order. But the sentencing order entered February 9, 2007, transposed the titles of Counts II and III, such that Count II was titled "Sexual Battery" and Count III was titled "Fondling." That order sentenced Morales to "fifteen (15) years on count II" and "twenty (20) years [on] count III," with the "[s]entence imposed in count II . . . to run concurrent with sentence imposed in count III," and the "[s]entence imposed in count III . . . to run consecutive with sentence imposed in count I. . . ."[5] Morales contends that based on

---

[4] Unlike Morales's other assignments of error, this allegation implicates one of the fundamental rights found to survive the PCR procedural bars, *see*, *supra*, n.3, such that this assignment of error is not time-barred.

[5] A separate sentencing order, also entered February 9, 2007, sentenced Morales under Count I to serve twenty-five years with five years suspended followed by five years of post-release supervision.

a literal reading of the sentencing order, his Count III sentence of twenty years is illegal, because the maximum period of incarceration for one found guilty of fondling a child is fifteen years. *See* Miss. Code Ann. § 97-5-23 (Rev. 2014).

¶20. In weighing Morales's PCR motion, the circuit court found that the sentencing order mistakenly transposed the titles of Counts II and III, such that Count II was titled "Sexual Battery" and Count III was titled "Fondling." The court granted Morales's requested relief, in part, to correct the sentencing order to mirror the substantive counts as recorded in the indictment and arraignment order. Thus amended, Morales's sentence for fondling (Count II) is fifteen years and is within the maximum sentence prescribed by the statute for fondling a child.[6]

¶21. We find no error in the circuit court's amendment of the sentencing order. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it was within the limits prescribed by statute." *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996). Further, "[t]he trial court [is] within its inherent power to direct the entry of *nunc pro tunc* sentencing orders to correct what plainly was a clerical error by the court." *Yeatman v. State*, 142 So. 3d 1091, 1094 (¶8) (Miss. 2014). The circuit court properly granted Morales's PCR motion in part and amended the sentencing order to correct a clerical error regarding Counts II and III.

**III.  Whether the ineffective-assistance-of-counsel claim is procedurally time-barred.**

¶22. Lastly, Morales asserts that he received ineffective assistance of counsel. Because we

---

[6] All other terms and conditions of the February 9, 2007, sentencing orders remained unmodified.

find Morales's ineffective-assistance-of-counsel claim to be procedurally time-barred and without merit, we affirm.

¶23. Under the UPCCRA, a motion for relief must be made within three years after the time for taking an appeal from the judgment of conviction or sentence has expired if no appeal is taken, or in case of a guilty plea, within three years after the entry of the judgment of conviction. Miss. Code. Ann. § 99-39-5(2). *See also Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000) (holding that the three-year limitation set out in Mississippi Code Annotated section 99-39-5(2) applies to claims for ineffective assistance of counsel).

¶24. Morales filed his petition for PCR on September 11, 2017, more than a decade after his conviction on February 9, 2007. Morales is thus well outside the statutory limitations imposed for filing such a petition. Further, Morales has not presented any argument that any of the exceptions to the procedural bar found in section 99-39-5(2) are relevant or applicable to this assignment of error. Under "extraordinary circumstances," ineffective assistance of counsel can constitute an exception to the statutory time-bar. *Brown v. State*, 187 So. 3d 667, 670-71 (¶7) (Miss. Ct. App. 2016) (quoting *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015)). Here, however, Morales has "failed to establish a basis for his claims of ineffective assistance of counsel" that would constitute such an exception. *Id.* at 671 (¶8). Because this claim is procedurally time-barred, we affirm.

CONCLUSION

¶25. We affirm the circuit court's order granting relief in part to correct the sentencing order and denying and dismissing all other post-conviction claims.

10

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**