# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00930-COA

MARY ARCHER                                              APPELLANT

v.

HARLOW'S CASINO RESORT & SPA                            APPELLEE

DATE OF JUDGMENT:           07/09/2020
TRIAL JUDGE:                HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:  WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     MARY ARCHER (PRO SE)
ATTORNEYS FOR APPELLEE:     CATHY M. BEEDING
                            CAROLINE BAKER SMITH
                            LOUIS FRASCOGNA
NATURE OF THE CASE:         CIVIL - TORTS-OTHER THAN PERSONAL
                            INJURY & PROPERTY DAMAGE
DISPOSITION:                AFFIRMED IN PART; REVERSED AND
                            REMANDED IN PART - 03/08/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

## CARLTON, P.J., FOR THE COURT:

¶1.    Mary Archer filed a complaint against Harlow's Casino Resort and Spa[1] alleging fraud

and bad faith.  Harlow's Casino filed a motion to dismiss Archer's complaint pursuant to

Mississippi Rule of Civil Procedure 12(b)(6).  The Washington County Circuit Court granted

the motion.

---

[1] Archer also listed the following defendants in her complaint:  Isaac Morris, Roslyn
Henson, and Christopher Austin Payne.  However, Archer only designated Harlow's Casino
as the appellee in her notice of appeal.  Accordingly, she is only challenging the trial court's
decision as to Harlow's Casino.

¶2.     Archer now appeals from the trial court's order granting Harlow's Casino's motion to dismiss pursuant to Rule 12(b)(6).  On appeal, Archer does not argue that the trial court erred by granting the motion.  Instead, Archer asserts the following assignments of error: (1) the trial court erred in finding that Harlow's Casino demonstrated "excusable neglect" when seeking an extension of time to file its responses to Archer's complaint outside of the thirty-day time limit provided by Mississippi Rule of Civil Procedure 12(a); (2) the circuit clerk erred by removing an entry of default against Harlow's Casino; and (3) the trial court erred by dismissing Archer's complaint without giving her a chance to amend her pleadings pursuant to Mississippi Rule of Civil Procedure 15(a).

¶3.     After our review, we find that the trial court did not abuse its discretion in determining that Harlow's Casino demonstrated "excusable neglect" when seeking an extension of time to file its responses to Archer's complaint.  We also find that the circuit clerk did not err by correcting her mistake and removing the entry of default against Harlow's Casino.  However, for reasons discussed below, we must reverse in part and remand this case to the trial court with instructions to dismiss Archer's complaint without prejudice and to allow Archer to amend her complaint, if leave to amend is requested in accordance with Rule 15(a).

**FACTS**

¶4.     Archer filed a complaint against Harlow's Casino alleging fraud and bad faith and seeking damages as the result of a missing casino kiosk ticket.  In her complaint, Archer claimed that while she was patronizing Harlow's Casino, she placed $500 on a kiosk ticket.

2

Archer stated that she accidentally dropped the ticket and sought assistance from Harlow's Casino in recovering the ticket. The ticket was never found.

¶5.    Archer served Harlow's Casino with process on March 9, 2020. On April 9, 2020, thirty-one days later, counsel for Harlow's Casino entered an appearance, filed a motion seeking an extension of time to file an answer, and filed a motion to dismiss Archer's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[2] In its motion to dismiss, Harlow's Casino argued that the trial court should dismiss Archer's complaint pursuant to Mississippi Rule of Civil Procedure 9(b) because Archer failed to state with particularity the circumstances constituting fraud. Regarding Archer's allegation of bad faith, Harlow's Casino argued that she failed to state a claim upon which relief can be granted.

¶6.    In its motion for an extension of time, Harlow's Casino asserted that it needed more time to file an answer due to the travel and work restrictions imposed by the COVID-19 pandemic. Harlow's Casino submitted that "[t]his motion is not being made for the purpose of delay, but is made based upon current assignments and the need for time to prepare a response." The trial court entered an order granting Harlow's Casino's motion and extending the time for Harlow's Casino to file its answer.

¶7.    On April 13, 2020, four days after Harlow's Casino filed its motions and entry of

_____

[2] In its appellate brief, Harlow's Casino admits that in its motion for an extension of time, it mistakenly stated that it was served on March 10, 2020, rather than March 9, 2020, and Harlow's Casino therefore mistakenly asserted that the time to answer was not yet ripe.

appearance, Archer filed an application for an entry of default with the circuit clerk. That same day, the clerk entered default. On April 14, 2020, the clerk emailed Archer regarding her application and the clerk's entry of default against Harlow's Casino. The clerk explained that she made these filings in error because on April 9, 2020, counsel for Harlow's Casino had filed an entry of appearance, motion for an extension of time, and motion to dismiss.

¶8. On May 8, 2020, Harlow's Casino filed its answer and asserted the affirmative defenses of failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and failure to plead fraud with particularity pursuant to Rule 9(b).

¶9. Archer moved to strike Harlow's Casino's answer, arguing that the motions filed by Harlow's Casino on April 9, 2020, were untimely pursuant to Rule 12(a) and that Harlow's Casino failed to show the requisite "excusable neglect" for obtaining an extension of time. Archer also filed a response to Harlow's Casino's motion to dismiss. In her response, Archer maintained that she stated a claim upon which relief may be granted. She also requested that the trial court grant her leave to amend her complaint pursuant to Rule 15(a).

¶10. On July 9, 2020, the trial court entered an order granting Harlow's Casino's motion to dismiss Archer's complaint after finding that Archer failed to state a claim for which relief can be granted and failed to plead fraud with particularity. Archer now appeals.

## DISCUSSION

### I. Excusable Neglect

¶11. Archer argues that in its motion for an extension of time to file its answer, Harlow's

4

Casino failed to show "excusable neglect" for missing the thirty-day time limit. Archer also asserts that in granting the motion, the trial court failed to make a finding of "excusable neglect" by Harlow's Casino.

¶12. Rule 12(a) requires a defendant to "serve his answer within thirty days after the service of the summons and complaint upon him or within such time as is directed pursuant to Rule 4." Harlow's Casino admits that it did not file its motion seeking an extension of time to file an answer within the thirty-day time period. When, as in the case before us, "an act is required or allowed to be done . . . within a specified time," Rule 6(b)(2) provides a trial court the discretion "upon motion made after the expiration of the specified period [to] permit the act to be done where failure to act was the result of excusable neglect." Therefore, because the time for serving its answer had expired, Harlow's Casino had to show that its "failure to act was the result of excusable neglect." M.R.C.P. 6(b)(2). The advisory committee note to Rule 6 explains that "Rule 6(b) gives the court wide discretion to enlarge the various time periods both before and after the actual termination of the allotted time, certain enumerated cases being excepted."[3] M.R.C.P. 6 advisory committee note. We review a trial court's findings of fact concerning the existence or lack of good cause or excusable neglect for an abuse of discretion. *Clark v. Knesal*, 113 So. 3d 531, 539 (¶28) (Miss. 2013).

---

[3] This Court has also recognized that "[i]t is critical to the trial court's power of control over its own docket and its ability to serve effectively all litigants that it maintains control over progress of cases before it, including requests for extensions of time." *Booth v. Williams*, 200 So. 3d 1053, 1063 (¶34) (Miss. Ct. App. 2016).

5

¶13. Our review of Harlow's Casino's motion shows that it requested more time to file an answer due to the travel and work restrictions imposed by the COVID-19 pandemic. Harlow's Casino explained that its counsel is located in Kentucky and that on March 6, 2020, three days before being served process, the Governor of Kentucky issued a State of Emergency due to the pandemic. On March 16, 2020, the Governor of Mississippi issued an order closing Harlow's Casino. On April 2, 2020, the Governor of Kentucky issued travel restrictions on Kentucky residents. Harlow's Casino stated that given all of these restrictions, its counsel encountered difficulties gathering information from the closed casino in order to prepare an answer. Harlow's Casino further submitted that "[t]his motion is not being made for the purpose of delay, but is made based upon current assignments and the need for time to prepare a response." In its order granting the motion, the trial court found that "the grounds asserted are well founded." The trial court explained that it considered Harlow's Casino's request for an extension of time "in light of the current pandemic and government orders restricting operations and travel."

¶14. The Mississippi Supreme Court has held that "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to establish excusable neglect. *Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996); *see also Collins v. Westbrook*, 184 So. 3d 922, 932-33 (¶30) (Miss. 2016). In this case, counsel for Harlow's Casino was restricted from traveling out of state or visiting the casino due to emergency orders related to the COVID-19 pandemic, all of which hindered counsel's ability to prepare an answer.

6

Our supreme court also entered an Emergency Administrative Order on March 13, 2020, recognizing the national emergency related to COVID-19 and authorizing trial courts "to exercise their sound discretion in extending deadlines, rescheduling hearings and trials and any other matters by case specific actions or by general orders." *In re: Emergency Order Related to Coronavirus (COVID-19)*, No. 2020-AD-00001-SCT (March 13, 2020). Accordingly, we find that the trial court did not abuse its discretion in determining that the restrictions upon Harlow's Casino's counsel imposed due the COVID-19 emergency constituted "excusable neglect."[4]

## II.     Entry of Default

¶15.    Archer next asserts that the circuit clerk erred by removing the entry of default against Harlow's Casino.  Archer argues that pursuant to Mississippi Rule of Civil Procedure 55(c), only a judge can set aside an entry of default.  She also maintains that the record shows that Harlow's Casino was in fact in default due to its failure to take any action within thirty days of service of process.

¶16.    Rule 55(a) sets forth the process for obtaining an entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

---

[4] Although, as Archer points out, neither Harlow's Casino nor the trial court used the phrase "excusable neglect," we find that Harlow's Casino met the standard of excusable neglect.

7

¶17. In this case, there is no dispute that Harlow's Casino's entry of appearance, motion for more time to file an answer, and Rule 12(b)(6) motion to dismiss were untimely filed. Harlow filed these pleadings on April 9, 2020, thirty-one days after being served with process. Four days later, on April 13, 2020, Archer filed an application for entry of default, and the clerk entered default against Harlow's Casino. The next day, the clerk emailed Archer to alert her that the clerk had filed the application for default and entered default against Harlow's Casino "in error." The clerk explained that because Harlow's Casino filed an appearance, motion for an extension of time, and motion to dismiss prior to Archer's application for entry of default, the application and the clerk's entry of default "should not have been stamped [filed]."

¶18. The supreme court has emphasized that "[e]ntry of default by the clerk should only be in the absence of any response by the defending party." *Wheat v. Eakin*, 491 So. 2d 523, 525 (Miss. 1986). Rule 55(a) "places an affirmative duty on the clerk to examine the affidavits filed and see if the requirements of Rule 55(a) have been met." *Chassaniol v. Bank of Kilmichael*, 626 So. 2d 127, 131 (Miss. 1993); *see also* M.R.C.P. 55 advisory committee note. The case before us does not involve a situation where there has been an "absence of any response by the defending party." *Wheat*, 491 So. 2d at 525. Harlow's Casino filed responses (albeit untimely) prior to Archer's application for entry of default. Accordingly,

8

the clerk erred in entering default.[5]

¶19. Upon realizing her mistake, the clerk alerted Archer and corrected the error. Archer argues that the circuit clerk did not possess the "jurisdiction and authority" to remove the entry of default. However, our jurisprudence has allowed for clerks to correct clerical errors without an order of the court. In *Fairley v. State*, 163 Miss. 682, 688, 138 So. 330, 333 (1931), the supreme court held that it was "the right and duty of the clerk . . . to correct any manifest error or omission in the filing of the indictment; and an order of the court entered on the minutes was not necessary to authorize him to do so." We also recognize that "[t]he trial court retains the inherent authority to correct errors of a purely clerical nature at any time, even outside the term of court." *Yeatman v. State*, 142 So. 3d 1091, 1094 (¶8) (Miss. 2014).

¶20. Because the clerk's entry of default was made in error, we find that she was authorized to correct the clerical error without an order of the court.

### III. Rule 15(a) Motion to Amend

¶21. Archer next argues that the trial court erred by dismissing her complaint without

---

[5] Pursuant to Rule 55(b), "[i]f the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application . . . ." Our review of the record shows that Archer's application for entry of default was filed and the default was entered without the requisite notice to Harlow's Casino. However, Harlow's Casino does not raise this issue in its appellate brief. *See BB Buggies Inc. v. Leon*, 150 So. 3d 90, 98-99 (¶16) (Miss. 2014); *Wheat*, 491 So. 2d at 525.

giving her a chance to amend her pleadings pursuant to Rule 15(a). Archer also claims that the trial court failed to allow her to be heard on her other motions. "Motions for leave to amend a complaint are left to the sound discretion of the trial court." *Breeden v. Buchanan*, 164 So. 3d 1057, 1063 (¶27) (Miss. Ct. App. 2015) (quoting *Webb v. Braswell*, 930 So. 2d 387, 392 (¶8) (Miss. 2006)).

¶22. The record shows that at no time during the proceedings did Archer ever actually file a motion to amend her complaint. In her response to Harlow's Casino's motion to dismiss, Archer requested that the trial court "freely grant leave to allow [Archer] to amend her complaint in accord with Rule 15(a) . . . where justice would require such."[6] Mississippi Rule of Civil Procedure 7(b)(1) states that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought[.]" In this case, the trial court's order of dismissal does not reflect any ruling on Archer's request for leave to amend her complaint. If Archer wanted the trial court to rule on her request for leave to amend her complaint, "the request should have been stated clearly in a motion[.]" *Magee Cmty. Care Ctr. LLC v. Perkins*, No. 2019-CA-01412-COA, 2021 WL 1380800, at

---

[6] Archer also failed to provide any details regarding how she planned to amend her complaint, nor did she attach a proposed amended complaint. "While proposed amendments have been liberally permitted throughout Mississippi legal history and are encouraged under Rule 15[,] a party cannot fail to convey the subject matter of the proposed amendment to the trial judge and if they do so fail, no error can be predicated on the judge's failure to allow the amendment." *Parker v. Miss. Game & Fish Comm'n*, 555 So. 2d 725, 730 (Miss. 1989); *see also Est. of Flowers v. Est. of Flowers*, 269 So. 3d 120, 137 (¶64) (Miss. Ct. App. 2018).

10

*3 (¶16) (Miss. Ct. App. Apr. 13, 2021).  This Court "[will] not hold trial courts in error on issues not presented to them for consideration."  *Bay Point Props. Inc. v. Miss. Transp. Comm'n*, 201 So. 3d 1046, 1055 (¶18) (Miss. 2016); *see also Magee Cmty. Care Ctr.*, 2021 WL 1380800, at *3 (¶15) (This Court "cannot find the trial court in error on an issue that it neither granted nor denied.").

¶23.    Archer also could have sought an opportunity to amend her complaint after the trial court granted Harlow's Casino's motion to dismiss.  When a trial court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, and "matters outside the pleadings are not presented," then "leave to amend shall be granted in accordance with Rule 15(a)."  M.R.C.P. 12(b).  Rule 15(a) states that where a trial court grants a Rule 12(b)(6) motion, "leave to amend shall be granted when justice so requires upon conditions and within time as determined by the court, provided matters outside the pleadings are not presented at the hearing on the motion."  After the trial court granted Harlow's Casino's motion to dismiss, Archer did not seek leave to amend her complaint pursuant to Rule 15(a).

¶24.    This Court has recognized that "dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend" generally constitutes error.  *Bartz v. Roberts*, 320 So. 3d 1255, 1264 (¶27) (Miss. Ct. App. 2021) (quoting *Lerma v. Falks*, 338 F. App'x 472, 474 (5th Cir. 2009)).  "If dismissal of a pro se complaint is warranted, it should be without prejudice to allow [the party] to file an amended complaint."  *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *see also Bartz*, 320 So.

3d at 1264 (¶28).

¶25. In this case, the trial court did not specify whether it was dismissing Archer's complaint with or without prejudice. In accordance with caselaw, we must reverse this case and remand to the trial court with instructions to dismiss Archer's complaint without prejudice and to allow Archer to amend her complaint, if leave to amend is requested in accordance with Rule 15(a). *See Bartz*, 320 So. 3d at 1264-65 (¶31).

¶26. As to Archer's claim that the trial court "totally neglected and failed to allow [Archer] to be heard on her motions," Uniform Rule of Circuit and County Court Practice 2.04 states: "It is the duty of the movant, when a motion or other pleading is filed . . . to pursue said motion to hearing and decision by the court." URCCC 2.04. The supreme court has also instructed that "the affirmative duty to obtain a ruling on a motion rests upon the party filing the motion to follow up his action by bringing it to the attention of the trial court. A motion that is not ruled upon is presumed abandoned." *Ramsey v. Auburn Univ.*, 191 So. 3d 102, 112 (¶37) (Miss. 2016).

¶27. We also find no merit to Archer's assertion that the trial court erred by granting Harlow's Casino's motion to dismiss prior to addressing Archer's motions. Mississippi Rule of Civil Procedure 78, which governs motion practice, allows a circuit court "[t]o expedite its business" by "mak[ing] provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Furthermore, the supreme court has established that "[a] trial court has the

12

authority and indeed a duty to maintain control of the docket and ensure the efficient disposal of court business." *Venton v. Beckham*, 845 So. 2d 676, 684 (¶25) (Miss. 2003).

## CONCLUSION

¶28.    The circuit court's judgment is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

¶29.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**